1817.

KEAN and another *against* .DUFRESNE.

*Lancaster.*

IN ERROR.

*Friday,*
*May* 30.

ERROR to the Common Pleas of *Lancaster* county, in which a bill of exceptions to the opinion of the Court was returned with the record.

*If a note be taken by a creditor, who indorses the note, and gets it discounted at bank, for the benefit of the*

The suit was brought by *Dufresne*, the plaintiff below, against *Kean* and *Foster*, to recover the balance due on a note given by them to him. The defence set up, was, that *Kean* and *Foster* were partners when the note was given, and after the dissolution of the partnership, *Kean* gave the plaintiff another note in satisfaction thereof. It was proved that the last mentioned note was given to the plaintiff, who indorsed it, had it discounted at bank, and applied the proceeds to the credit of *Kean* and *Foster* : but it was protested when due, and he paid the amount, and took back the note.

*drawer, and afterwards has to take it up again after protest, this is not such a parting with the note as makes it an extinguishment of the precedent debt.*

*Montgomery* for the plaintiff in error, now contended, that this was such a parting with the note, as to make it an extinguishment of the preceding debt. *5 Johns.* 68.

*Hopkins,* contra.

PER CURIAM. It appears in this case, that the note set up as an extinguishment of the debt of *Kean* and *Foster*, was in fact no more than a note put into the bank, for the purpose of raising money for *Kean* and *Foster*. Therefore, it can be no extinguishment. The note, in fact, was not *parted with* by *Dufresne*, but for the purpose of raising money for *Kean* and *Foster*.

Judgment affirmed.