Wilde J.
drew up the opinion of the Court. If this ac-ti°n cannot be sustained without impeaching the judgment upon the promissory notes referred to in the report of the case, certainly the judgment of the Court of Common Pleas is erroneous.
It is a well established principle, that the merits of a judgment can never be impeached in a counter action by the judgment debtor ; otherwise a controversy could never be terminated, and the evils of litigation, already sufficiently numerous, would be unnecessarily increased and multiplied, But the opinion of the Court of Common Pleas is founded on a distinction which avoids this difficulty, and leaves the judgment upon the notes wholly unimpeached. They considered the rum as paid for by the promissory note of hand, and that there was an overpayment by mistake, to correct which this action might well be maintained.
This distinction appears to us to be well founded ; because we think that this action might be maintained, although the notes of hand had not been put in suit and now remained unpaid ; and if so, then clearly the action can be sustained on ground independent of the judgment. The mistake happened in the settlement of the account; and thereupon an action immediately accrued to the plaintiffs to recover back the amount thus overpaid.
This seems to be a fair, and indeed necessary inference from the admitted principle, that a negotiable promissory note of hand, given in consideration of a debt due on simple contract, is a discharge of the simple contract, and equivalent to payment in money.[1] It is just and equitable that a party *241 exposed to loss, by an overpayment thus made, should be entitled to an immediate remedy; otherwise it might wholly fail, by the insolvency of the other party, and the assignment of the note to a bona fide purchaser. And although the notes of hand in this case were not assigned, yet that circumstance does not affect the plaintiffs’ right of action ; nor was it taken away by the commencement of the action on the notes in the name of the promisees. For although the mistake might have been corrected in that action, the present plaintiffs were under no obligation to avail themselves of that mode of seeking relief. A new remedy arising on a contingency, will *242 not deprive a party of a preexisting right of action. The plaintiffs had the right of election, like a party entitled to the privilege of set-off.
This mode of considering the case distinguishes it from the cases of Marriott v. Hampton, Homer v. Fish, and Loring v. Mansfield, 17 Mass. R. 394, and indeed from all the cases cited, as to the conclusive effect of a judgment between the parties. "
In all those cases the plaintiffs could show no right of action, without showing that judgment had been recovered against them, and that the judgment was erroneous. In the case of Loring v. Mansfield, a partial payment had been made on a note of hand due from the plaintiff to the defendant, but this payment was towards an existing debt, and could not be reclaimed but by showing that judgment had been afterwards recovered for the whole amount of the note, and this the plaintiff was not permitted to show in support of his action, because it directly impeached a judgment to which he was a party. The only ground of complaint was, that the judgment was recovered for too large an amount, and not that the partial payment on the note was wrong.
In this case a cause of action has been shown, independent • of the judgment; nor was the proof of the judgment, and the satisfaction of it, at all material to the merits of the case.
It was said at the argument, that the exceptions were not regularly filed ; but this does not appear by the certificate of the judge, and we can look only to that, to ascertain wnether the case is regularly before us.

Judgment of C. C. P. affirmed.

 See Cornwall v. Gould, 4 Pick. 444; Reed v. Upton, 10 Pick. 525; Wood v. Bodwell, 12 Pick. 269, 270; Watkins v. Hill, 8 Pick. 522; Descadillas v. Harris, 8 Greenl. 298; Varner v. Nobleborough, 2 Greenl. 121. A different rule prevails in the courts of the United States. It is there held, that the giving a negotiable note is not payment, unless it is so expressly agreed. Peter v. Beverly, 10 Peters, 567; Sheehy v. Mandeville, 6 Cranch, 253; Wallace v. Agry, 4 Mason, 142 So in the courts of many of the States. See *241 Van Ostrand v. Reed, 1 Wendell, 424; Bank of Troy v. Topping, 9 Wendell, 278, 279; Burdick v. Green, 15 Johns. R. 247; Hughes v. Wheeler, 8 Cowen, 77; Booth v. Smith, 3 Wendell, 66; New York State Bank v. Fletcher, 5 Wendell, 85; Putnam v. Lewis, 8 Johns. R. 389; Johnson v. Weed, 9 Johns. R. 310; Bill v. Porter, 9 Connect. R. 23; Davidson v. Bridgeport, 8 Connect. R. 472; Elliot v. Sleeper, 2 N. Hamp. R. 525; Cheever v. Mirrick, 2 N. Hamp R. 376; Willie v. Green, 2 N. Hamp. R. 333; Geiser v. Kershuer, 4 Grill & Johns. 305; Glenn v. Smith, 2 Gill & Johns. 493; M‘Evoy v. Baltimore, 3 Harr. & Johns. 193; Curtis v. Ingham, 2 Vermont R. 290; Hutchins v. Olcott, 4 Vermont R. 555; Prescott v. Hubbell, 1 M'Cord, 94; Barrelli v. Brown, 1 M'Cord, 449; Kean v. Dufresne, 3 Serg. & Rawle, 233. This seems also to be the true doctrine of the common law. Puckford v. Maxwell, 6 T. R. 52; Owenson v. Morse, 7 T. R. 64; Kearslake v. Morgan, 5 T. R. 513; The King v. Dawson, Wightw. 32; Burney v. Poyntz, 1 Neville & Man. 229. So admitted in Maneely v. M'Gee, 6 Mass. R. 143. This is also the doctrine of the Civil Law. Pothier on Oblig. pi. 3, c. 2, art. 4; 1 Domat, bk. 4, tit. 3, § 1, p. 515; Inst. Just. lib. 3, tit. 3, § 3. So of the Scotch Law. Thompson on Bills, 192,194
In Massachusetts the decisions have not been uniform. Sometimes the giving a negotiable note is held an absolute payment, like cash, as in the text. Sometimes it is held only primó, fade evidence of payment, liable to be rebutted by circumstances showing a different intent. See Reed v. Upton, 10 Pick. 525; Wallace v. Agry, 4 Mason, 142. The reasons for a departure from the rule of the common law on this head are not very apparent. The soundness of the reasons given is certainly very questionable.
In Maneely v. M‘Gee, 6 Mass. R. 143, the presumption of payment from the giving of a negotiable note is said to arise “ from the consideration, that if the creditor could compel payment of the original debt, the debtor might afterwards be obliged to pay the note to an indorsee, and thus be twice charged.” But this could hardly be the case, since under the doctrine of the common law, the note must be produced and given up, or otherwise accounted for, before the plaintiff can prevail. See Bank of Troy v. Topping, 9 Wendell, 278, 279; Bayley on Bills, (2d Amer. ed.) 395 to 413; Chapman v. Durant, 10 Mass. R. (Rand’s ed.) 51, n. (a); Chapman v Searle, 3 Pick. (2d ed.) 45, note.