### MACK *vs.* J. S. and J. A. SPENCER.

A promissory note made by one of two partners, in the name of the *firm*, *it seems*, is admissible in evidence in an action against both partners under a count on the note, although there be *no averment of partership* in the declaration.

At all events it is proper evidence under the count for money lent.

THIS was an action of assumpsit, tried at the Madison circuit in September, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The declaration contained two counts. The *first* was on a promissory note, payable to H. B. or bearer, transferred to the plaintiff. The count stated, " for that whereas *the defendants* on, &c. at, &c. made *their* certain note in writing, commonly called a promissory note, bearing date, &c. and then and there delivered the said note to one H. B. and thereby then and there promised to pay to H. B. or bearer, &c." The *second* was a general count for money lent, had and received, and paid, laid out and expended. The defendants pleaded the general issue.

NEW-YORK,
May, 1830.

Mack
v.
Spencer.

On the trial of the cause the plaintiff produced a note cor-. responding with that described in the first count of the declaration, signed, "J. S. & J. A. Spencer," and proved the signature to be in the hand writing of J. S. Spencer, one of the defendants, and that the defendants were reputed partners. The counsel for the defendants objected to the evidence of partnership already given, and to all further evidence upon that point, because there was no allegation of partnership in the declaration, and the judge sustained the objection. The plaintiff proved that the note in question was presented to *J. A. Spencer*, who told the person presenting it, that he must call on J. S. Spencer concerning it and he would make some arrangements about it. The note was then offered to be read in evidence to the jury under the first count, but the judge would not permit it to be done. The plaintiff's counsel next offered the note in evidence under the money counts, which was also refused; whereupon the plaintiff submitted to a nonsuit with leave to move to set the same aside.

*P. Gridley*, for plaintiff.

*J. A. Spencer*, for defendants.

*By the Court*, SAVAGE, Ch. J. It is usual to state in the declaration that the defendants were partners, or that they made the note by the name, style and description of their firm. (3 Chitty's Pl. 2.) In *The Manhattan Company* v. *Ledyard*, (1 Caines, 192,) the question did not arise whether the averment of partnership was necessary, but whether it was sustained by ¦proving that one of the firm made the note in, the name of the firm. The case of *Pease* v. *Morgan*, (7 Johns. R. 468,] was decided on the ground of variance. The dec-. laration in that case, as here, was without any averment that the defendants were partners; but it stated they made the note, "their own proper *hands* and, *names* being thereunto subscribed." The proof was that one of the firm signed the note, and it was held that the proof did not support the contract as laid. In this case, it is merely stated that the defendants *made* the note. In the case of *Jones* v. *Mars and anoth-*

*er,* (2 Campb. 305,) the declaration stated that the defendants made their certain bill of exchange in writing, " their own proper *hands* being thereunto subscribed;" The bill produced was signed by the defendants' firm, " Mars & Co." On a motion for a nonsuit, Lord Ellenborough's only difficulty arose from the word *hands* being in the plural ; but he thought the letter *s* might be rejected as surplusage, and refused the nonsuit. There was no averment that it was made according to the custom of merchants, or by the style and firm of " Mars & Co. ;" and the objection was made which is urged here, that a note should be produced signed by *both* defendants. The nonsuit was refused on the ground that the defendants could not have been led into any mistake as to the bill sued upon. So here, the defendants could not have been surprized upon the trial. The case is stronger for the plaintiff than that last cited, as the declaration does not state that the proper hands or names of the defendants were subscribed to the note, but simply that the defendants *made* it. I am inclined to think there is no variance between the proof and the first count, the note being stated according to its legal effect. But if this were doubtful, the second count presents a stronger case for the plaintiff; the charge is, that the defendants were indebted for money lent. A promissory note is evidence of money lent; and being signed by one of a firm, is evidence against both. Here, there can be no variance, as no instrument is described, and the objection of variance does not apply. The only question is, whether such a note is evidence of money lent; and whether, to make it evidence against both, the plaintiff may prove the partnership. It seems to me no adjudged case can be necessary to shew the admissibility of such testimony.

The nonsuit must be set aside, and a new trial granted ; costs to abide the event.