## OLCOTT *vs.* J. H. RATHBONE.

Where the *cashier* of a bank on a note holden by the bank falling due, accepted a *check* of a third person for part of the amount and a *new note* for the balance, and *delivered up the old note, it was held,* on the check being dishonored, that the action might be maintained on the original note against the maker to recover the amount of the check; and that the bare fact of delivering up the old note was not evidence that the check and new note were received in *payment.*

Where, however, the suit was brought in the name of the *cashier,* and there was no evidence that the note had been transferred to him, or that the suit was instituted in his name by the direction of the bank, *it was holden,* that there could be no recovery.

Whether the bank after the note was delivered up and the check protested could transfer the note so as to enable the assignee to maintain an action in his own name, *quere.*

The holder of a negotiable note transferred by delivery or endorsement may recover on it under the money counts.

THIS was an action of assumpsit, tried at the Albany circuit, in February, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The Mechanics' and Farmers' Bank in Albany, of which bank the plaintiff is the cashier, was the holder of a note for $380 drawn by the defendant, payable to and endorsed by Samuel Rathbone. On the 4th April, 1828, when the note was about to fall due, an agent of the drawer and endorser called at the bank with two *checks* drawn by Samuel Rathbone on a bank in the city of New-York, one for $261,26, and the other for $120, and with two *notes* drawn by J. H. Rathbone, and endorsed by Samuel Rathbone for the same sums, and requested the cashier to receive the check for the smallest amount and the note for the largest amount, for the $380 note. The cashier declined doing so, but offered to receive the check for $261,26 and the note for $120, which the agent agreeing to, the check and note were accordingly received by the cashier and the $380 note delivered up. The check was protested for non-payment; the note for $120 was paid. A suit was then commenced in the name of the *cashier* against the maker of the $380 note. The declaration contained a count on the note in the name of the plaintiff as *endorsee*, the note being described as bearing date 31st January, 1828; it also contained the common money counts. The note was endorsed in *blank* by the payee, and was discounted by the bank; at the time it was delivered up it was the property of the bank, and had not been transferred to the plaintiff. It bore date on the 1st February, 1828. The contents of the note were proved by parol after notice to the defendant to produce it.

The defendant insisted that the plaintiff was not entitled to recover on the note on account of the *variance*, nor on the money counts, there being no privity of contract between the parties to this action. The judge ruled and so charged the jury, that the *check* not being paid, an action might be sustained on the *note*, and that the plaintiff having failed to prove it as described in the count, might recover under the money counts; and that it having been endorsed in *blank*, the action was sustainable in the name of the plaintiff without proving that it

had been transferred to him.  The defendant excepted, and the jury found a verdict for the plaintiff, which was now moved to be set aside.

*J. P. Cushman,* for defendant

*B. F. Butler,* for plaintiffs.

*By the Court,* MARCY, J.   The first question to be determined is whether the acceptance of the small note and check by the plaintiff and the giving up of the previous note, put an end to existence of the latter as a promissory note ?  If there is no note, the plaintiff cannot be the holder of it, and in no other respect is it pretended that he can maintian this action.  The acceptance of the check was not a payment to the amount of it on the note, unless it was expressly agreed to be accepted as such, or unless the circumstances clearly show that such was the understanding of the parties.   More evidence I apprehend is required to shew that a check given to take up a note is received in satisfaction, than is demanded when one note is given for another.   It is not necessary, however, in this case, to proceed upon such distinction. The general principle is, " that a bill or note is no satisfaction of any debt or demand for which it has been given ; it is only *prima facie* evidence of payment, rendering it necessary that the party receiving it should account for it, before he will be entitled to recover the consideration." *Bayley on Bills,* 248, 9.    2 *Johns. C.* 438.    1 *Cowen,* 290.

The case of *Kean* v. *Dufresne,* 3 *Serg. & Rawle,* 233, was in some respects like the one before us.  *Dufresne* held a note against Kean and Foster who were partners.   After their partnership was dissolved, *Kean* gave his note for a note of the firm.   Dufresne got Kean's note discounted, and applied the avails to the company's note.   When Kean's note fell due, it was not paid.   Dufresne had to take it up ; he did so, and sued Kean and Foster on their old note.   He was allowed to sustain the action.   It did not appear in that case that the company's note had been given up when Kean's was received.   This circumstance of giving up the note is relied on by the defendant here as conclusive evidence that the

check and small note were received in payment of the note given up. In the case *Ex parte Backley,* 7 *Vesey, jun.* 597, Chancellor Loughborough, who decided that a suit might be brought on bills for which others had been received, seems to intimate by the emphatic manner in which he mentions the fact that the original bills were left with the holder when the others were received in lieu thereof, that but for that circumstance his decision might have been otherwise. Is there a good reason for making this circumstance decisive of the question whether the notes subsequently received were taken in payment or not? The mere giving up of a note is no satisfaction of it; it is not an act which of itself affects the validity of the note; for if it should be delivered to the maker by mistake, or obtained by deceit, it would still be a good and valid note, and the right of the holder would not be thereby impaired. It is then to be regarded as matter of evidence to shew the nature of the transaction and the intention of the parties.

It seems from the case of *Russell* v. *Hankley,* 6 *T. R.* 12, that it was the common practice in London to give up a bill of exchange on receiving a check on a banker therefor, and though there has been a *nisi prius* decision disapproving of this practice, because the drawer and endorsers when called upon to pay have a right to the production of the bill given up, it does not appear to be objectionable so far as the acceptor is concerned. The maker of a promissory not stands in the relation of an acceptor of a bill of exchange. There can be doubt that a note thus parted with, is given up under the expectation that the check will prove to be a satisfaction; but this does not settle the question. When a creditor receives a note or check for his debt, and gives a receipt in full, he expects confidently that the note or check will turn out to be a satisfaction of his demand; yet, if such note or check is dishonored, he may sue on the original debt, and is not concluded by his receipt. 1 *Cowen,* 290. 9 *Johns. R.* 310. The law is too well settled to admit a doubt that if a receipt had been given on the delivery of the check, as for cash to the amount thereof, that it would not have been conclu-

sive evidence that the note was thereby paid ; but it appears to me that such a receipt ought to be regarded as stronger evidence that the check was taken as payment than the giving up the note. In these cases the law seems to look beyond the usual concomitants of the act, and fixes its attention upon the act itself Nothing is considered as an actual payment which is not in truth such, unless there be an express agreement that something short of a payment shall be taken in lieu of it.

I am opinion, therefore, that the giving up of the note on receiving the check and the small note is not evidence that they were received in payment. The defendant, who has got possession of it without fraud, (it is admitted,) but without payment, cannot defend himself against a suit on it by showing that fact, unless he shews also an actual payment or an agreement that the small note and check should be taken in full and absolute satisfaction.

But the right of the present plaintiff to sustain this action is strenuously contested. He is not the party in interest, nor is it necessary that he should be, to enable him to sue in his own name. The owner of a promissory note endorsed in blank can make whom he pleases the holder of it without divesting himself of all interest in it, and a suit may be sustained in the name of such holder ; but the bare using of a person's name as plaintiff does not, I apprehend, make him a holder or assignee. It is not as *agent*, but as *holder* or assignee, that the plaintiff must shew his right, to maintain this suit. In point of fact, the note never was transferred or assigned to him. If he had the actual possession of it the court would not entertain an enquiry into his right, unless there was some proof that he obtained the possession *mala fide* ; but the difficulty is that the plaintiff has not the possession, nor a right to the note by reason of any interest he has in it. The proof shows that the Mechanics' and Farmers' Bank have the right of property, and consequently the right of possession. The question is not presented whether, having the right of property, the bank could, after the note had passed out of its possession, and beyond its immediate control, so assign it to the plaintiff as to enable him to bring an action in

his own name upon it. There is no evidence in the case that any assignment had been made, or that the bank had directed this suit. It being in the name of one of its officers does not establish the fact that the suit was instituted by its direction. Nor can the plaintiff be regarded as the holder because he had the possession of the note when it was given up. He was not possessed of it in his individual capacity; in that capacity in which he claims to recover. He had the custody, but the bank had the legal possession. Because the defendant has got the note into his hands and improperly withholds it from the rightful owner—the bank, its officer or agent cannot, without other authority than that arising out of his agency, prosecute on it, or for it in his own name.

I am unable to dispose in a satisfactory manner of the objection to the plaintiff's right to bring this action in his own name; and I think the judge improperly overruled it when it was raised on the trial. I am of opinion the plaintiff should have been nonsuited.

In relation to offering the note under the money counts, the authorities in our own courts are too many and too clear to admit of a doubt. The holder of a note payable to bearer, or of a note payable to order, and endorsed by the payee to him or in blank, may sustain a count for money had and received by proof of such note, 12 *Johns. R.* 90; 4 *Pickering*, 421; but if a plaintiff cannot recover on the note as *bearer* or *holder* for the want of title or authority to sue in his own name, he cannot recover on the common counts.

New trial granted.