PORTER & CLARK <i>vs.</i> CUMINGS and others.

In a suit against three persons, two of whom are alleged to be *partners*, a promissory note signed by one in his proper name, and by the second in the name of his *firm*, may be given in evidence in support of a count on a note alleged to be *made* by the defendants, *their own proper hands being thereunto subscribed.*

On proof of the partnership, such note may be given in evidence under the money counts.

THIS was an action of assumpsit, tried at the Erie circuit, in April, 1830, before the Hon. ADDISON GARDINER, one of the circuit judges.

The declaration contained a count on a promissory note, and also the money counts. It commenced as follows: " Albert H. Porter and Henry W. Clark, plaintiffs in this suit, complain

of Daniel P. Adams, John Thorp, junior, and Simeon Cumings, the said Adams and Thorp, partners, exercising a trade, and doing business together, under the name, firm, and style of Adams and Thorp, defendants in this suit, in custody, &c. for that whereas the said defendants, on, &c. at, &c. *made* their certain promissory note in writing, *their own proper hands being thereunto subscribed,* bearing date, &c. and then and there delivered, &c., and thereby for value received, promised, &c." The common counts commenced as follows : " And whereas also the before named defendants on, &c." On the trial of the cause the plaintiffs produced the note described in the declaration, signed " Adams & Thorp," and " S. Cumings," and it being admitted that the signature *S. Cumings* was in the proper hand writing of the defendant Cumings, and that the signature *Adams & Thorp* was in the proper hand writing of the defendant Thorp, the plaintiffs rested. The defendants moved for a nonsuit, on the ground that it was not alleged in the declaration that the note was made or signed by the firm of *Adams & Thorp*, or that the partnership name was subscribed thereto. The judge ruled that the note produced could not be given in evidence under the count on the note, but that the plaintiffs by proving that *Adams & Thorp* were co-partners at the giving of the note, might give it in evidence under the money counts. The plaintiffs then proved the partnership. The defendants insisted that the note could not be given in evidence under the *money counts*, but the judge overruled the objection, and under his direction the jury found a verdict for the plaintiffs, which the defendants now moved to set aside.

*D. H. Chandler*, for the defendants.

*D. Tilinghast*, for the plaintiffs.

*By the Court*, NELSON, J. The declaration in this case is rather untechnically drawn, so far as relates to the averment of the partnership of Adams & Thorp, though I think it substantially sufficient. In what is termed the commencement of the declaration, where the character in which the defendants are sued, is set forth, S. Cumings is mentioned indi-

*(margin note:)* NEW-YORK, May, 1831. Porter v. Cumings.

vidually, and it is averred that Adams & Thorp were partners in trade, and doing business under the firm and style of Adams & Thorp; and then it is alleged that "the said defendants on, &c. made their certain promissory note in writing, their own proper hands being thereunto subscribed," &c. The "said defendants," may fairly refer to their character as set forth in the commencement of the declaration; that is, *Adams & Thorp*, as *partners*, and *Cumings individually*, made, &c. And indeed, one object of the description of the character of the defendants in the beginning of the declaration is to enable the pleader thus to refer, and thereby save repetition, though for perspicuity it would be better to repeat. If this view is correct, and I cannot doubt but the declaration will fairly authorize it, then the case of *Jones et al.* v. *Mars et al.*, 2 Campb. 305, is an authority to have allowed the note in this case to be read under the first count in the declaration.

In *Jones et al.* v. *Mars et al.* the declaration stated that the defendants "made their certain bill of exchange in writing, their own proper *hands* being thereunto subscribed," and the bill when produced appeared to be drawn in the name of the defendants' firm, "Mars & Co." An objection was taken on the ground of variance, and overruled. The only difficulty in the mind of Lord Ellenborough was, that the word "hands" was in the plural; that difficulty, if there is any thing in it, does not exist in this case, for that word here ought to be in the plural, there being another defendant besides the firm. The learned judge in *Levy* v. *Wilson*, 5 Esp. R. 180, had before ruled, that under the averment that the defendant had endorsed the bill, "his own proper hand being thereunto subscribed," when the same was in fact made by procuration, was a fatal variance. But in *Helemsey* v. *Loader*, 2 Campb. 450, he strongly intimated that his construction of the words "own hand," in that case was too narrow, and was inclined to apply the maxim, *facit per alium facit per se. Willamson* v. *Johnson*, 8 Common Law R. 44. It is this principle which I apply to the present case; one member of the firm having authority to sign for both, in legal effect, when one has signed, it is the same as if both had signed the note; and this construction removes the objection of variance. I am of opinion, there-

fore, 1st. That the averment of the partnership of Adams & Thorp, in the declaration, though untechnical, is substantially sufficient; and 2d. That under the averment, "their own proper hands being thereunto subscribed, proof that one of the firm signed the partnership name, supports it. Even, if the judge erred in allowing the note in evidence under the money count, in as much as he should have allowed it under the special one, as at present advised, I can see no substantial reason or purpose for granting a new trial. But I think he was right. The commencement of the declaration is to be deemed to be referred to, and adopted in the money count; and if the partnership averment is sufficient for the first, it is also for the second, or any subsequent count. The fact of the partnership was proved, and that the name of the firm was written by one of the partners. This was sufficient to allow the note to be given in evidence under the *money count*, as to them. *Cruger v. Armstrong et al.* 3 Johns. C. 5. *Pierce v. Crafts*, 12 Johns. R. 90, and cases there cited. 4 Wendell, 411.

New trial denied.