By the Court,

Bronson, J.
There may be (ruth in the suggestion that the plaintiff surprised the defendant on the trial by producing a note, barred by the statute of limitations. If such a trick was practiced, there should be a remedy. But it is not now necessary to decide whether the justice [207] could allow the defendant to plead the statute after an issue had been joined and the trial had commenced.
The plaintiff declared for money lent and advanced by him to the defendant. The defendant did not lake issue on the declaration, but pleaded a former suit in bar. This amounted to a technical confession of the action, so as to entitle the plaintiff to nominal damages, if the defendant failed in proving his plea. But the plaintiff recovered more than nominal damages; and to entitle himself to such a verdict, it was necessary to give evidence of the extent of indebtedness. For that purpose he offered in evidence the defendant’s note, payable to Powers or order, and endorsed to the plaintiff. The note was admitted, notwithstanding the defendant’s objection that it could *119 not be received under this declaration. This presents the question whether, in an action by endorsee against the maker of a promissory note, the instrument can be given in evidence under a count for money lent.
That the note would have been proper evidence under the money counts, if all had been inserted in the declaration, is a settled question in this court (12 Johns. R. 90; 4 Wendell, 411; 5 id. 490). But which count in particular is the appropriate one, in an action by the endorsee against the maker, seems not to have been decided. The practice of inserting all the money counts has been so general, that this question has not arisen. A promissory note, as between the original parries, may be good evidence under a count for money lent; but in an action by the endorsee against the maker, this can not be the proper mode of declaring. Although, from the negotiable quality of the instrument, there is a legal privity of contract between the maker and any person into whose hands the note may pass, the contract furnishes no evidence of any actual dealing between the parties. The action for money paid is a more extensive remedy; and although nothing passes between the endorsee and the maker, the money paid by the former to the person from whom he receives the note, may be regarded as money paid to the use of the maker. But the action for money lent can not be an appropriate remedy, unless money has actually passed between the parties to the suit, or has been advanced by the plaintiff to a third person on the request of the defendant (Kent v. Derby, 1 Vent. 311; 8. T. R. 326; 7 Taunt. 432; Butcher [208] v. Andrews, Carth. 446; 1 Salk. 23, S. C.)
There can be no question that the note would have been admissible under a count for money had and received by the defendant to the plaintiff’s use. That action will lie in many cases where the defendant has received money which in equity and good conscience ought to be paid to the plaintiff, although nothing has actually passed between the parties. It affords a more extensive remedy than any other of the money counts.
The note was improperly received in evidence, and the judgment must be reversed. Judgment reversed.