By the Court, Cowen, J.
The declaration contains the common counts, including an account stated. The defendants plead, that the parties accounted together concerning the whole, and the defendants gave their promissory note for the balance, which the plaintiff accepted in full satisfaction. The short of the pleas is, that the defendants owed the plaintiff on promises, and made him another promise, which he took in satisfaction. The cases are certainly not uniform, singular^ as it may seem, that a debtor cannot thus pay off his creditor. Several cases are stated in Arnold v. Camp, (12 John. R. 409,) which as there understood and even applied, favor the doctrine that he may. It may be considered, however, at present, as entirely settled, that to operate as a satisfaction, the promise must be that of some third person; in other words, something over and above the original debt. A promise by note is a security of no higher degree than an implied promise; and the logic of these pleas is no more than saying, “Your precedent debt is discharged, because I promised to pay it in another form, and you accepted the latter promise as a satisfaction.” What consideration is there for such an acceptance? The new promise to do a thing which the debtor was bound to do before—a thing which he now refuses to do, because he had promised again and again to do it! In these promising times there are I apprehend few debts which on such a theory are not in danger of being barred much short of the statute of limitations; for creditors, however unwilling, are many times obliged to accept promises as the only satisfaction they can obtain for tire *518 present. It is entirely settled, that a promissory note of the debtor in no way affects or impairs the original debt, unless it be paid. The creditor may notwithstanding recover on the original consideration, surrendering or cancelling the note at the trial. The note is a mere liquidation of the demand f and it being the duty of the debtor thus to liquidate and secure the demand, hay to do more, it follows, that an acceptance or even an express agreement to accept in consideration of- such a short coming, is a nudum pactum. The third plea contains some additional machinery, viz. a second promissory note, not of both defendants, but one of one of them, the plaintiff giving up the note of both, &c. This adds nothing to the defence. The authorities which I think sustain the views belonging to this case are the following: Muldon v. Whitlock, (1 Cowen, 290, 306;) Olcott v. Rathbone, (5 Wend. 490;) Hawley v. Foote, (19 id. 516, 17, and cases there cited;) Frisbie v. Larned, (21 id. 450, 452, and the cases there cited.)
I am of opinion that the demurrers to both pleas are well taken, and that there should be judgment for the plaintiffs.
Judgment accordingly.