Daniel, J.
 

 The mere giving up by Dewey to Bowers of the note given by the defendants to the bank, was not a payment or satisfaction of it. It was not an act, which of itself affected the validity of the note. For if it was delivered up to the maker by mistake, or if it had been obtained by .deceit, it still would be a good and valid note, and the right of the plaintiff would not be thereby impaired. It is then to be regarded as matter of evidence, to shew the nature of the transaction, and the intention of the parties. The proceeds of the bill of McCowen & Co. on New York,
 
 “ if paid when it fell due,”
 
 was agreed' by the parties, to be applied towards the payment of this note. The bank, as the agent of Bowers, the holder- of the- said bill, immediately sent the bill on to New York, and it was there accepted by the drawers — but when it arrived at maturity, it was protested for non-payment. This New York bill having never been paid, the defendants’ note- in bank, therefore, by force of the agreement, has never been paid. The plaintiff delivered up the note to'the defendants, under the-mistaken belief, of both himself and Bowers, that the money which was due on the New York-bill- and which belonged to Bowers, had been paid to the agent of the plaintiff in. New York. The
 
 *542
 
 plaintiff did not deliver up the note to Bowers, because, it was paid, for that was not in fact done," but under a false im-A
 
 J
 
 pression by him, that it was paid. Would it not outrage every thing like justice to permit the defendants to go quit of this note, on the plea of payment? Suppose that Bowers had given, in payment, the amount in forged bank bills and both parties then believed them good bills, and the plaintiff had then told Bowers that he was paid,- and had delivered up to him. his note — -there is no doubt, but that the plaintiff might,- notwithstanding, recover on the original note, on giving notice to the defendants, to produce the original note at the trial. The recovery on parol evidence would be on the ground of mistake in delivering up the written note.- When we ask ourselves the question, whether the plaintiff and Bowers did not each believe that Bowers, the bolder of the New York bill,- had realized the money due on it, and had paid it into the hands of the plaintiff’s agent in New York? We must answer, that they did so believe, and that the note in bank was then punched and delivered up on that mistaken belief. For us to say after that, that the note was paid or discharged in law, would,: it seems- to us, be monstrous. But we are not without authority to -support our opinion.
 
 Olcot
 
 v
 
 Rathbone,
 
 5 Wendell, 490, was a case, where the cashier of a bank, on a note holden by the bank falling due, accepted a check on. a third person for part of the amount, and a new note for the balance, and delivered up the old note. It was held, on the check being dishonored, that an action might he maintained on the original note, against the maker, to recover the amount of the check — and that the bare fact of delivering up tbe old note, Was not sufficient evidence that the check and new npte were received in payment.
 
 Secondly,
 
 the money appears to have
 
 been
 
 loaned by
 
 the
 
 bank; the taking out of the interest, therefore, when the loan was made, was not usury. It seems to us, that the law is in favor of tbe plaintiff, and that the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.