## KOBBI *v.* UNDERHILL.

The acceptance of the drawee's check which proves to be of no value, on present-
ing a sight draft, is not a payment, as between the drawee and the holder, unless
there was an agreement to receive the check in payment.

The giving up the draft, is not evidence of such agreement.

Chancery has jurisdiction in general, to compel the delivery up of securities wrong-
fully withheld ; and it will be exercised, although the case be remediable at law,
if no objection to the jurisdiction be taken by demurrer, or in the answer.

The presentment of a check, the next day after it is drawn, is in time, where the
parties reside in the same town where it is payable.

      December 20, 1845 ; February 7, 1846.

THE bill was filed May 19th, 1845, to compel the defendant
to deliver to the complainant, a bill of exchange drawn on the
former, by a house in Philadelphia, and remitted to the complain-
ant. The cause was heard on the pleadings and p oofs. The
facts are stated in the opinion of the court.

*N. D. Ellingwood,* for the complainant.

*N. Van Vran Ken,* and *R. H. Waller,* for the defendant.

THE ASSISTANT VICE-CHANCELLOR.—The complainant
having received from his Philadelphia correspondent, a bill of
exchange on the defendant, payable at sight, presented it for pay-
ment on the 15th of May, 1845, received for it the defendant's
check on the Merchant's Bank, and delivered the bill to the de-
fendant. The check was presented for payment at the Mer-
chant's Bank, the next morning, and payment refused. It was
thereupon protested, and it has never been paid. The complain-
ant immediately demanded the bill of exchange from the defend-
ant, who declined to give it up, although it remained in his pos-
session. If the check had been presented at the bank, on the
day of its date, it would have been paid. This bill is filed to
compel the defendant to deliver up the bill of exchange.

The defendant contends first, that the acceptance of the check
was a payment, the holder not having used due diligence to collect

it. As to this, the acceptance was not of itself, a payment of the bill, because there was no agreement that it should be deemed a payment or accepted as such. (*Cromwell* v. *Lovett*, 1 Hall's R. 56 ; *Olcott* v. *Rathbone*, 5 Wend. 490.)

The complainants used due diligence, in presenting the check for payment. (Story on Prom. Notes 625, s. 493, and the authorities there cited.)

It is further said that if not a payment between these parties, it was a discharge of the other parties to the bill of exchange, and the defendant cannot safely give it up, without a previous adjudication upon the rights of those parties.

This furnishes no defence here. The answer does not raise the objection, that the other parties should be brought in, and their rights are not at all in question in this suit. It suffices that the defendant has no cause for withholding the possession of the bill from the complainant. This also furnishes an answer to another objection of the defendant, viz. that the actual possession of the bill, is not necessary to the complainant. If not necessary, (and I express no opinion as to that,) it will surely be very inconvenient for him to collect it without having its custody ; but this is of no consequence to the defendant, who has no pretence to retain it himself.

Nor was the complainant bound to enter into the controversy, between the defendant and the Merchant's Bank. The latter were the defendant's bankers and agents, and the holder of his check discharged all the duty thereby imposed upon him, by presenting it to such agents for payment.

The only remaining point taken, was that there was a full remedy at law, and this court has no jurisdiction of the matter.

The court has jurisdiction in general to compel the delivery up of securities wrongfully withheld, and in order to oust that jurisdiction, on the ground that the courts of law afford a sufficient remedy, the objection must be taken by demurrer, or in the answer. It comes too late at the hearing.

The complainant is entitled to a decree, with costs.