### McCLELLAN v. ANTHONY.

The acceptance of an order to pay money to be deducted from a payment to become due under a contract for work to be performed, is a promise to the payee, and the payee may recover under the common money counts.

ASSUMPSIT for the amount of an order drawn by Davis on the defendant, in favor of the plaintiff, and accepted by the defendant. The declaration contained the usual money counts.

On the trial the plaintiff's counsel proved the following order:

"NEW YORK, December 3, 1842.

" Mr. WILLIAM McCLELLAN —

"Please pay Theophilus Anthony, or order, five hundred dollars, to be deducted from my last payment on contract of houses now building in Cliff street for you.

"URIAH DAVIS."

The defendant's acceptance was written across the order in the following words: "Accepted, Wm. W. McClellan."

The contract referred to was then put in evidence, from which it appeared that the last payment thereon was to be made in three months from the completion of the work, and it was proved that the work was completed on the 1st of February, 1843, which was more than three months before the commencement of this action.

The defendant's counsel then produced and read the plaintiff's bill of particulars, which stated the action to be brought to recover the amount of the order, with interest, and moved for a nonsuit.

McClellan v. Anthony.

A verdict was taken for the plaintiff, subject to the opinion of the court.

*A. M. Burrill*, for plaintiff. The order operates as an equitable assignment of the debt to the payee, and then, on an express promise, or acceptance, an action may be maintained. (*Luff* v. *Pope*, 5 Hill, 413; *Quin* v. *Hanford*, 1 id. 82.) In *Morton* v. *Naylor* (1 Hill, 583), the court say the drawee is bound to pay according to the order, whether he accepts it or not. (*Israel* v. *Douglass*, 1 H. Bl. 239; *Nielson* v. *Blight*, 1 Johns. Cas. 205; *Weston* v. *Barker*, 12 J. R. 276; 4 Cow. 13; *Yeates* v. *Grove*, 1 Ves. Jr. 280.)

The amount is recoverable under the count for money had and received, and also under the *insimul computassent. See* cases above cited. (Also *McMenomy* v. *Ferrers*, 3 J. R. 82; *Rockfeller* v. *Robinson*, 17 Wend. 206; *West* v. *Cartledge*, 5 Hill, 488; *Pelten* v. *Sewell*, 12 Wend. 386; *Laden* v. *Seymour*, 24 id. 60; *Dubois* v. *Del. and H. C. Co.*, 4 id. 285; *Outwater* v. *Dodge*, 7 Cow. 85; *Bank of Columbia* v. *Paterson*, 7 Cranch. 299.)

*Benedict & Boardman*, for defendant. The order does not by its form import a consideration, and no consideration being expressed it is *nudum pactum* and void.

The order is not an assignment, but if it was so it would be of a chose in action which is not assignable. (18 Con. 206.) An exception to this rule is where a person having a present, subsisting debt, assigns the whole for a good consideration, and the debtor expressly promises payment to the assignee. (*Dubois* v. *Doubleday*, 9 Wend. 317.) An assignment implies something existing, or some subsisting right on which it can operate, and if made of that which is not in *esse*, is a nullity. It does not appear that there was any consideration for defendant's promise, nor any from the plaintiff to Davis for the order. If the order operate as an assignment, it is of part of a fund, and it is extremely doubtful whether it can be enforced. (*Mandeville* v. *Welch*, 5 Wheat. 277; *Robins* v. *Bacon*, 3

Greenl. 346.) Also, if an assignment, there must be an express promise to pay the plaintiff after the money had become due, and the action could not be supported until after demand and refusal. (*Taylor* v. *Bates*, 5 Cow. 376.)

To support the action for money had and received, it must appear that the defendant has received money, and that such money belonged to plaintiff (1 Chitty's Pl. 384; 11 J. R. 464; 1 Doug. 138), and it will only lie on an account stated, where a fixed and certain sum is admitted to be due on account of prior transactions, and it must relate to more than a single item. (1 Chitty's Pl. 391.)

*The Circuit Judge:* The promise of the defendant is an absolute one to pay to plaintiff $500. The direction in the order for defendant to deduct it from Davis's last payment on his contract, may fix the time when it is to be paid, and shows a sufficient consideration for the promise, but cannot justly, according to the terms of the order, be regarded as a condition to the promise. But even if it were a condition, it has been performed, and the promise became absolute before suit brought.

The work done by Davis for defendant, constituted a valid consideration for the promise, and the case then presents itself in the form of an absolute promise for a valuable consideration, and, if so, it can be enforced. The only question is, in what form of action.

The promise is to pay the plaintiff, and the action may be brought in his name. (*Quin* v. *Hanford*, 1 Hill, 84; *Morton* v. *Naylor*, id. 585; *Israel* v. *Douglass*, 2 H. Bl. 241.)

And the claim may be enforced under the count for money had and received. (*Quin* v. *Hanford*, *supra*; *Weston* v. *Barker*, 12 J. R. 278; *Rockefeller* v. *Robinson*, 17 Wend. 206.) The language of the court in *Israel* v. *Douglass* (2 H. Bl. 239), is so expressive of the principle which governs this case, that I adopt it. Lord LOUGHBOROUGH says: "Where a party has not the substantial justice of the case on his side, the court will not favor any action he may bring. But where

justice is clearly with him, they will, if possible, allow him to maintain the action he has brought, because the only effect of a refusal would be to make him adopt another form of action." In this suit the justice of the case is clearly with the plaintiff. The defendant has received a consideration for the $500 now demanded of him. He is bound to pay some one, and what valid objection can he have to paying it to the plaintiff, when, by doing so, he can be fully protected from paying it again? If his refusal is to inure to benefit of Davis, by enabling him to receive it from Davis, it will be equally wrong to enable Davis thus to nullify a valid assignment of the claim to the plaintiff.

Then the language of GOULD, J., in that case applies: " This case is like that of a man having money due me in his hands, which I order him to pay to another. Now, if I pay money to you for another person, it is money had and received by you to his use. But where is the real and substantial difference whether I in fact pay money to you for a third person, or whether I give you an order to pay so much money, to which you expressly assent? In reason and sound law it is money had and received to the use of such third person."

*See Nielson* v. *Blight* (1 Johns. Cases, 205, 2d ed., note *a* to page 210).

Judgment for plaintiff.

* * *

## NEW YORK CIRCUIT.
### OCTOBER 17, 1846.
### Before EDMONDS, Circuit Judge.