# Bozeman *v.* Ivey *et al.*

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien ; when not lost or waived.* — If the vendor of land, having given a bond for title only, releases the purchaser from liability, and accepts, in lieu of his unpaid notes, the individual note of a third person, who acts in the transaction as the agent of a sub-purchaser, and the substituted note recites that its consid-

eration is the unpaid balance of the purchase money, — the vendor's lien is not thereby lost or waived, although said agent was at the time indebted to the original purchaser, on account of the purchase of other lands, which indebtedness was, by agreement between them, extinguished by the said· surrender and substitution of the notes.

2. *Parties to bill to enforce vendor's lien* — Where the original purchaser has been released from liability by the surrender of his notes, and the acceptance of the notes of a third person, and has parted with all interest in the land, he is not a necessary party to a bill to enforce the vendor's lien ; but, if material to the defence, he may be brought in by cross-bill.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. CHARLES TURNER.

The original bill in this case was filed on the 22d December, 1868, by J. J. Ivey and ·others, against Nathan Bozeman, D. W. Bozeman, and Frank Mann ; and sought to enforce a vendor's lien on certain lands, which were therein described as " all of section thirty-six ( except the east half of the southeast quarter), township eighteen, range eighteen, containing about five hundred and eighty-two acres." The bill alleged that these lands were sold by John N. Norris, in September, 1860, to Benjamin Trimble, for $9,000, for which Trimble gave his promissory notes, and accepted from Norris a bond conditioned for titles to be made on payment of the purchase money ; that Trimble, after paying a part of the purchase money, sold the land to N. Bozeman, and afterwards D. W. Bozeman also acquired some interest in it ; that on the 2d January, 1867, said D. W. Bozeman paid Norris about $2,500 on account of the said land, and executed his note for $4,000, for the balance of the purchase money still due ; and that this note had been assigned and transferred by said Norris to the complainants. This note was made an exhibit to the bill, and was in these words : " On the 1st December next, I promise to pay J. N. Norris, or order, four thousand dollars, in part payment for the land (say, balance due) sold Benjamin Trimble, and by him to Dr. N. Bozeman ; said Trimble's notes to be given up to him ; interest from date on the said four thousand dollars. January 2, 1867." ( Signed by said D. W. Bozeman.)

Mann filed an answer, admitting his possession of the land as the tenant of D. W. Bozeman, against whom a decree *pro confesso* was entered. N. Bozeman also filed an answer, in which he demurred to the bill : 1st, for want of equity ; 2d, for misjoinder of the complainants ; 3d, for non-joinder of necessary parties defendants. The bill was afterwards amended by correcting a mistake in the description of the land, and by making J. N. Norris a defendant ; and to the bill as amended a demurrer was again interposed by N. Bozeman. The chancellor overruled the demurrer, and, on final hearing, on pleadings and proof, rendered a decree for the complainants ; and

[Bozeman v. Ivey.]

his final decree is now assigned as error, together with the overruling of the demurrer.

H. C. SEMPLE, for appellants. — 1. The land was sold by Norris to Trimble, who sold to Thornton, who sold to N. Bozeman; and D. W. Bozeman's only connection with it was that N. Bozeman, on going to New York, left with him Norris's bond for title, to get a deed for him when Trimble should pay Norris. But Trimble, in the mean time, sold another tract of land to D. W. Bozeman, and agreed with him that the indebtedness for that land should be paid by satisfying the debt which Trimble owed Norris for the other land; and as a security for D. W. Bozeman's performance of this agreement, Norris's bond for title, which belonged to N. Bozeman, was deposited with Trimble. This arrangement, out of which the note now held by the complainants originated, was made without the knowledge or authority of N. Bozeman, and his rights cannot be prejudiced by it.

2. Trimble was an indispensable party to the bill.

3. The amended bill makes an entirely new case.

4. The proof makes a case totally different from that alleged in the bill.

WATTS & TROY, contra. — 1. That the vendor's lien was not lost or waived by any other facts alleged or proved in this case, see Conner v. Banks, 18 Ala. 42; Kelly v. Payne, 18 Ala. 371; May v. Lewis, 22 Ala. 646; Bradford v. Harper, 25 Ala. 337; Burns v. Taylor, 23 Ala. 255.

2. That Trimble was not a necessary party, see Batre v. Auze, 5 Ala. 173.

B. F. SAFFOLD, J.— The appellees, as indorsers of a promissory note made by D. W. Bozeman, in favor of J. N. Norris, filed the bill to enforce its payment against certain lands, which had passed by successive sales from Norris, through Trimble and Thornton, to Nathan Bozeman. N. Bozeman paid his vendors, Thornton & Trimble, with the knowledge that Trimble yet owed Norris, and had received only a bond for titles. Trimble sold other lands to D. W. Bozeman, and they with Norris agreed between themselves that D. W. Bozeman should give his note to Norris for the amount due to him from Trimble, who was to be released. Norris was not to make titles until he was paid. In pursuance of this agreement, the note in question was made. The complainants assert a vendor's lien by virtue of it. The chancellor decreed accordingly, and directed the land to be sold for its payment.

The appellant defendants contend that the bill claims a lien by virtue only of the indorsed note. They say that as D. W. Bozeman, the maker thereof, never had any interest in the land, and Norris now has no debt against Trimble, the lien which once existed in his favor is lost ; that the transfer of the note to the complainants conveyed no lien in their favor on this land.

An amendment to the bill, which altered the numbers of the land described, was demurred to, on the ground that the original purpose was to subject the land sold by Trimble to D. W. Bozeman. This demurrer was properly overruled, because the recitals of the bill as originally drawn are not applicable to such a case.

The rule of the vendor's lien is, that it exists unless a contrary intention is shown, and that it follows the debt until paid or extinguished, or the lien is released by the contract of the parties. What amounts to a payment is a question of law, dependent upon the facts and circumstances of the case. A note is evidence of a debt, but the debt exists independently of it. *Foreman* v. *Hardwick*, 10 Ala. 316. In *Conner* v. *Banks*, 18 Ala. 42, the lien was not considered lost, where the assignee of the original note gave it up to the maker, and accepted in lieu the individual note of a subsequent purchaser, notwithstanding the payment of the purchase money was postponed.

In *Bradford* v. *Harper* (25 Ala. 337), the transferee of the note given for the land gave it to a third party, and accepted a bill of exchange on a stranger in lieu. It was held that if the party receiving it was not acting for the maker, nor had any interest in the purchase, the lien would pass to him. But if he was acting in either capacity the lien would not be lost without an express agreement to that effect on the part of the transferee to receive the bill of exchange in absolute payment, and thereby to abandon the lien. He is remitted to his lien upon the original demand. See *Keene* v. *Dufresne*, 3 Serg. & Rawle, 233. These cases show how the lien adheres to the debt in favor of the creditor, and against the vendee in possession, with notice of its non-payment. If Nathan Bozeman cannot be injured by any contract of Norris with Trimble and D. W. Bozeman, to which he was not a party, neither can he claim any benefit from such contract against Norris, in violation of the express understanding and agreement of the latter to the contrary. The note in question is made by D. W. Bozeman, and promises to pay to Morris $4,000, the balance due on land sold by him to Trimble, and by the latter to Dr. N. Bozeman. D. W. Bozeman is admitted to have been the agent of his brother to procure title from Norris when Trimble's debt was paid. Norris's agreement was to release Trimble, and to ac-

cept the note, retaining the title to the land sold by him to secure its payment. Whether Nathan Bozeman accepted or repudiated any interest in this contract, the right of Norris to subject the land to the payment of its purchase money remained the same. This right he transferred to the complainants.

It was not obligatory on the complainants to make Trimble a party defendant. The defence might have brought him in by cross-bill if any advantage could have been gained by doing so. *Batre* v. *Auze*, 5 Ala. 173.

The decree is affirmed.