*Gra.vbs, J.:
Brown brought assumpsit against McHugh and declared upon the common counts. The count for money paid had a clerical inaccuracy. Instead of stating that the money was paid to the defendant’s use, it stated that it was piaid to the defendant. Without questioning the sufficiency of the declaration in this or in any other respect by demurrer, McHugh pleaded the general issue and went to trial on the issue of fact. Brown gave evidence tending to show that in September, 1874, he bought a pair of horses of defendant and paid him for them and that defendant represented that they were unincumbered and that he had a perfect right to convey them; that it subsequently appeared that in July, 1878, McHugh had given his note to one Ryan for one hundred dollars and interest at ten per cent., payable to Ryan or order six months after date, and had mortgaged the horses to Ryan to secure the note; that this debt continued unpaid and Ryan threatened to take the horses on the mortgage, and that he (Brown) thereupon paid the debt to Ryan and took an assignment of the debt and securities. The note was not formally endorsed over by Ryan until the trial came on. Such were the facts which the evidence tended to prove on the part of Brown, and there is no occasion to recite testimony.
The judge instructed the jury that the declaration was not sufficient to allow a recovery under the proofs, and a verdict was thereupon returned for the defendant. This was error. The defect in the count for money paid, which the judge seems to have considered as a fatal one, was plainly a clerical misprision, and ought not to have influenced results. There was no chance for misleading and it was not proper to turn the plaintiff round on such a technicality when the case was *51 being tried on the issue of fact. If the omission of the words “ use of ” was worthy of objection in any form the point should have been made by demurrer. The purpose of the pleader was apparent enough, and the right course *on the trial would have been to fill the blank by construction and read the declaration as though the clerical mistake had not been made. Such slight matters are often corrected in that way when clerical omissions appear in deeds and other similar instruments, and certainly the same thing may be done in case of a pleading when the opposite party has failed to raise any question by demurrer. Of course this would not be proper in case of serious and misleading defects. But the defect here was plainly not of that sort. The note against McHugh Had been regularly admitted, and it was evidence going to support the claim under this count for money paid, etc. The statute in regard to suing on notes on the common counts had nothing to do with the question. The note was admissible at common law to support the count. The evidence went to show that Brown had acquired the equitable title to the note and mortgage and the endorsement was mere matter of form, and the fact that it was made at the trial was of no importance. It is usual practice in common-law courts to strike out endorsements at the trial to remove technical objections relative to the apparent legal title (Byles on Bills, 149, 268; Chitty on Bills, 642, 719; Mayer v. Jadis, 1 M. & Rob., 247; Chaters v. Bell, 4 Esp., 210), and the holder of a note blank as to the payee, may, it is said, fill it up with his own name and sue upon it ( Cruchley v. Clarance, 2 Maule & S., 90); and the holder under a blank endorsement may fill in his own name at the trial. —Lorell v. Evertson, 11 Johns., 52; Olcott v. Rathborn, 5 Wend., 490; Fairfield v. Adams, 16 Pick., 381. And it was entirely competent for the court below to allow Ryan, the payee, who had in fact conveyed all his interest to Brown, to put his name on the back. The endorsement was something he was justly entitled to and could compel (Story on Prom. N., § 120); and the only necessity for it was to remove all ground of objection purely formal and technical.
We have seen that the objection to the count for money paid *52 was without merit. But if it had been otherwise the *note was admissible under the count for money had and received. — Edwards on Bills and Notes, 665, margin; 2 Greeüleaf Ev., 6 ed., § 173; Grant v. Vaughn, 3 Burrows, 1516; Tatlock v. Harris, 3 Term, 174; Young v. Adams, 6 Mass., 182; Pierce v. Crafts, 12 J. R., 90; Penn v. Flack & Cooley, 3 Gill & J., 369; Ellsworth v. Brewer, 11 Pick., 316; Goodwin v. Morse, 9 Met., 278; Moore v. Moore, Id., 417; Edgerton v. Brackett, 11 N. H., 218; Tenney v. Sanborn, 5 N. H., 557; Olcott v. Rathborn, 5 Wend., 490; Raborg v. Peyton, 2 Wheat., 385; Weston v. Pennyman, 1 Mass., 306; Bayley on Bills, 244; Onondaga Co. Bk. v. Bates, 3 Hill, 53; Hays v. Phelps, 1 Sandf. S. C., 64; Purdy v. Vermilya, 4 Seld., 346; Rockefeller v. Robinson, 17 Wend., 206; Harris v. Clark, 10 Ohio, 5.
The plaintiff was clearly entitled to have the ease submitted to the jury upon the merits, and the refusal to allow it necessitates a new trial. Judgment reversed, with costs, and a new trial ordered.
The other justices concurred.