## HANCE v. HOLIMAN.

Opinion delivered January 19, 1901.

Notes—Mortgage—Limitation.—Where notes were surrendered to their maker upon his executing a mortgage to secure the same indebtedness, and there was no agreement that the mortgage should be a satisfaction of the debt, or that the surrender of the notes should discharge the original obligation to pay them, the mortgage is evidence of an extension of the time of payment, and upon default in payment the original notes are revived, so that an action to foreclose the mortgage would not be barred until an action upon the original notes would be. (Page 61.)

Appeal from Grant Circuit Court in Chancery.

Alexander M. Duffie, Judge.

This is the second appearance of this case in this court. It was brought here before by appellee, and was decided in his favor October 19, 1895, *Holiman* v. *Hance,* 61 Ark. 115. The former appeal was from the decision of the Grant circuit court sustaining a general demurrer to the answer of appellee. The suit was brought to foreclose a mortgage executed January 5, 1883. The original complaint alleged, in substance, that plaintiff was the administrator of the estate of Nancy Hance; that defendants, on the 5th day of January, 1883, executed to the said Nancy Hance their mortgage on the northeast quarter of section 15, township 4 south, range 14 west, in Grant county, to secure an indebtedness of $594; that said mortgage was duly recorded; that there had been paid on said mortgage, and credited thereon, the following sums: December 29, 1883, $4.20; December 16, 1884, $80; December 14, 1885, $130, and October 20, 1887, $75, leaving a balance due and unpaid on said mortgage the sum of $665.85 with legal interest. The prayer was to foreclose the mortgage and sell the land to satisfy same. The mortgage was made an exhibit to the complaint, and was as follows:

"This indenture, made and entered into on this the 5th day of January, A. D. 1883, between Elijah Holiman and Nancy Holiman, his wife, of the county of Grant and state of Arkansas, of the first part, and Mrs. Nancy Hance, of the state of Arkansas and Grant county, of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of five hundred and ninety-four dollars ($594), the receipt whereof is hereby acknowledged, do grant, bargain, sell, and convey, and by these presents do grant, bargain, sell, and convey, unto the second party, her heirs, executors, or administrators, forever, the following lands lying in the state of Arkansas and Grant county, to-wit, the northeast quarter of section 15, township 4 south, of range 14 west, containing 160 acres, more or less, together with all and singular the hereditaments and appurtenances thereunto belonging. And I, Nancy Holiman, wife of the said Elijah Holiman, for and in consideration of the said sum of money, do release and relinquish unto the second party all my right of dower in and to said lands. To have and to hold the said granted premises unto the said party of the second part, her heirs and assigns, to her and their only proper use, conditioned, however, that if the first party should

pay or cause to be paid to the second party $594, with ten per cent. interest per annum on the same, twenty-four months from date, then this mortgage to be void; otherwise, to remain in full force and effect. In witness whereof the parties to these presents have hereunto set our hands and seals the day and year first above written. Elijah Holiman [Seal], Nancy C. Holiman [Seal]." Said mortgage was properly acknowledged and duly recorded.

The defendants answered and alleged that the mortgage was executed to secure an account due twenty-four months after January 5, 1883, and that the same was barred by the statute of limitations; and as a further defense the answer set up that the land conveyed in the mortgage was the homestead of defendants, and that the mortgage was not effectual to convey the same.

The plaintiff filed a general demurrer to the answer, which was sustained, and, the defendants declining to plead further, decree was entered against them for the amount due on the mortgage, and the same was declared a lien on the land, which was ordered sold to satisfy said decree.

From the decree of the court sustaining the demurrer to the answer and foreclosing the mortgage the defendants appealed, and the decision of the lower court was reversed, and the case remanded.

After the mandate of this court was filed in the court below, the said demurrer was overruled as directed by this court. The plaintiff, thereupon, by leave of the court, filed an amendment to the complaint, as follows: "Comes the plaintiff, and by way of amendment to his complaint filed herein states that on the 5th day of January, 1883, the defendant Elijah Holiman was indebted to the said Nancy Hance in the sum of $594, which was evidenced by two promissory notes then past due, and, the said defendant not being able to pay the same, but desiring further time, it was agreed between him and the said Nancy Hance that he should have further time in which to pay said indebtedness upon his giving security for the payment thereof; that thereupon, and pursuant to said agreement, the said notes evidencing said indebtedness were surrendered up, and in consideration thereof and as a substitute therefor, the defendant Elijah Holiman and his wife, the said Nancy C. Holiman, made, executed, and delivered to the said Nancy Hance the mortgage sued on herein; that said mortgage was so given and accepted as the contract and evidence of indebtedness between the said Nancy Hance and the said Elijah Holiman in lieu of the said notes, which were surrendered to the said Holiman as afore-

said. Wherefore plaintiff prays as in his original complaint and for all other proper relief." The case was then tried upon the complaint, amendments and exhibits thereto, the answer of defendants, and the depositions on file as part of the record of the case as follows:

Elijah Holiman introduced by the plaintiff, testified as follows: "I am 63 years old, and reside in Grant county. I am one of the defendants." Here the original mortgage sued on, as copied above, was exhibited to witness, and he said: "I signed and executed this mortgage in favor of Nancy Hance. The consideration for the mortgage was two notes—one in favor of William Hance, the husband of Nancy Hance, given for borrowed money also. At the time this mortgage was executed, the notes were surrendered to me, and I executed said mortgage in lieu of said notes. The notes that were surrendered to me at the time I executed the mortgage were made two or three years prior to the execution of said mortgage. I paid a part of the money for which the said notes were given to the St. Louis, Iron Mountain and Southern Railway Company on the purchase money for the land included in said mortgage." The mortgage was made exhibit to Elijah Holiman's deposition.

S. R. Cobb, introduced by the plaintiff, testified as follows: "I am 52 years of age. I wrote the mortgage introduced in evidence in this case and made exhibit to Elijah Holiman's depositions. I was a justice of the peace of De Kalb township, Grant county, at the time, and took the acknowledgment of Elijah Holiman and his wife to said mortgage. The consideration of said mortgage was a note or notes in favor of William or Nancy Hance for money borrowed. The mortgage was to take place of the notes, and to secure the amount due on them. That ˙was the understanding of the parties at the time the mortgage was executed."

The foregoing was all the evidence in the case. The court found in favor of defendants on their plea of the statute of limitations, and rendered a decree accordingly. The plaintiff thereupon appealed to this court.

*E. H. Vance* and *Wood & Henderson,* for appellant.

The action was not barred. The contract evidencing the debt being under seal, the ten years statute of limitation applied. 32 Ark. 410; 43 Ark. 468; 44 Ark. 101. The acknowledgment of the indebtedness in the mortgage implied a promise to pay as a

part of the instrument. Bish. Cont. § 121; 8 Wall. 288; 107 Ind. 94; 10 Wend. 675; 48 N. J. Eq. 51; 24 Ark. 191; 36 Ark. 293; 15 Am. & Eng. Enc. Law (2d Ed.), 1110. The act of March 31, 1887, did not apply to existing mortgages. 95 U. S. 628; 104 U. S. 668; 26 Sup. Ct. Rep. (Lawy. Ed.), 886; 64 Ark. 317.

HUGHES, J., (after stating the facts). When this case on a former appeal was reversed and remanded for a new trial, an amendment to the complaint was made, as set out in the foregoing statement of facts, upon which amendment arises the question to be determined now. This question was not involved nor raised or considered on the former appeal. It is this: Did the execution of the mortgage for the security of the debt, as above set out, and the surrender thereupon of the notes evidencing the debt, have the effect to satisfy the debt or discharge the obligation to pay it?

There was no agreement that the mortgage was to be a satisfaction of the debt, or that the surrender of the original notes was to discharge the original obligation to pay them. In fact, the mortgage was given to secure payment of the debt, and was not the substitution of the obligation of another person to pay it. According to the weight of the adjudicated cases on this question, the original obligation was not discharged, nor the debt paid, by the renewal of the obligation, and the surrender thereon of the original notes evidencing the debt. It was only an evidence of an extension of the time of payment. There was no payment. Upon failure to pay according to the renewed obligation, the original notes were revived and restored, and were enforcible, unless there was an express agreement or understanding that the mortgage was to be in satisfaction of the notes, or unless the obligation or undertaking of a third party was taken for or in lieu of the notes of debtor. In the case of *Olcott* v. *Rathbone,* 5 Wend. 490, it is said: "Where the cashier of a bank, on a note holden by the bank falling due, accepted a check of a third person for a part of the amount and a new note for the balance, and delivered up the old note, on the check being dishonored, the action might be maintained on the original note against the maker to recover the amount of the check, and the bare fact of delivering up the old note was not evidence that the check and new note were received in payment."

In 2 Daniel, Negotiable Instruments, § 1266a, it is said that "the delivery or surrender to the maker of the old note, upon its being renewed, does not in itself raise a presumption of its ex-

tinguishment by the new, it being considered as a conditional surrender, and that its obligation is restored and revived if the new note be not duly paid;" citing *Olcott* v. *Rathbone,* 5 Wend. 490; *Jager Iron Co.* v. *Walker,* 76 N. Y. 522, and the other New York cases on this point; and *First Nat. Bank.* v. *Case,* 63 Wis. 506, and *Jansen* v. *Grimshaw,* 125 Ill. 468. In *Jager Iron Works* v. *Walker,* Judge Folger pertinently said: "Until the promise is in fact redeemed, there is no payment." The proof on the trial of this cause was that the debt was not fully paid, and that payments had been made on the notes which prevented the bar of the statute of limitations, and that this action was not barred at the time of the institution of this action. There was no evidence that the land mortgaged was a homestead.

The judgment is reversed, and the cause is remanded, with directions to render judgment for the amount yet due on the debt in favor of the plaintiff and for foreclosure of the mortgage for its payment.