*Hitchcock, J.
No question is made, in the present case, as to the execution and indorsement of the note which was given in evidence, but several exceptions are taken to the competency and sufficiency of the proof introduced by the plaintiff.
The first question raised for the consideration of the court is, whether an action for money had and received, money lent, etc., can be sustained by the holder of a promissory note against an indorser of the same note. That such bill, note, acceptance, or indorsement, as between the immediate parties, is prima facie evidence of money lent, money had and received, etc., seems to be well settled. But it is believed that, according to the English authorities, there must be privity of contract, in fact, between the parties, in order to recover under the money counts. This principle is not controverted by defendants’ counsel, but it is claimed that there is not, in the present case, the necessary privity of contract, there being an intermediate indorser between the defendants and the plaintiff. The principle, however, that as between the parties to a note or bill, an action for money had and received can be maintained, is extended much further in the American than in the English courts. In the case of Olcott v. Rathbone, 5 Wend. *8 490, the Supremo Court of New York say, “the holder of a note payable to bearer, or of a note payable to order, and indorsed by the payee to him or in blank, may sustain a count for money had and received, by proof of such note; but if the plaintiff can not recover on the note as bearer or holder, for want of title or authority to sue in his own name, he can not recover on the common counts.” In the case of Ellsworth v. Brewer, 11 Pick. 316, it is decided by the Supreme Court of Massachusetts, that “ to maintain assumpsit there must be a privity between the parties, but it may be a privity in fact or in law, as between each party to a bill of exchange or negotiable promissory note, there is a sufficient privity in law ; and as such negotiable contract is presumed to be a cash transaction, and as a money consideration is presumed to pass at the making and at each subsequent indorsement of the instrument, each party liable to pay is held ^responsible as for so [8 much money had and received, to the use of the party who is for the time the holder and entitled to recover;” and it was further decided, “ that assumpsit for money had and received may be maintained by the indorser of a promissory note against any previous party to the note.” These authorities, without searching further, seem to settle the point, that in the case under consideration the note and indorsement are properly receivable in evidence under the common counts in the plaintiff’s declaration.
It is next objected, by defendants’ counsel, that demand and notice can not be given in evidence under the common counts, and without proof of demand and notice, an indorsee of a promissory note can not recover against an indorser. This objection, if it proves anything, proves too much. The cases already cited, and the well-settled rules of law, sustain the principle, that the holder of such note may maintain an action for money had and received against a preceding party to the note, and the note itself is evidence to sustain the count. It will follow, then, that proof of demand and notice may be given in evidence, or that the holder will recover without such proof. This can not bo, because an indorser is only liable where due diligence has been used to collect of the maker. We admit the rule as laid down in 11 Wheat. 174, where it is said to be “a genetal rule in pleading, that where any fact is necessary to be proved on the trial in order to sustain the plaintiff’s right of recovery, the declaration must contain an aver *9 ment substantially of such feet in order to let in the proof.” If, however, the case now before the court is within that rule, it must be an exception to it; or, in other words, if that rule would require, in an action by the holder of a promissory note against the previous indorser, that no proof could be given of a demand and notice, unless alleged in the declaration, then, although a general, it can not be a universal rule. But apply the rule in the present case, and I do not perceive that there would be any difficulty. “ Any fact necessary to be proven, must be stated in the declaration.” It is not necessary to state in the declaration the evidence 9] by which a particular *fect must be proven, but sufficient, facts must be stated to show a right of recovery. What fact is it necessary to prove, in order to sustain an action for money had and received ? Simply that the defendant had received money to the plaintiff’s use, and this must be stated in the declaration. But how, or in what manner the proof is to be made, is a different question. Anything which goes to show that the defendant has received money, which, in. equity and good conscience, he ought to pay to the plaintiff, will be sufficient. Take, for instance, the .case where money has been paid ,on a consideration which has failed, or where it has been paid by mistake; it is necessary to allege the particular manner in which it was paid, in order to let in proof of the mistake or failure of consideration ? Such has never been the practice, and it is too late now to introduce it. In a ease like the.one before the court, the introduction of the note, with the indorsement, shows the receipt of money by the defendant. Whether, in equity and good conscience, he is bound to refund it, depends upon another fact, which must be proven in order to make out the plaintiff’s case. ;
This mode of declaring, in a case like the present, is one probably which ought not to be encouraged, nor can a plaintiff, by adopting it, gain any advantage that he would not have by declaring specially. By adopting it, he might, by possibility, lose the benefit of our statuto dispensing with proof in certain cases, if not the penalty accruing upon appeals for delay.
Another, and the only remaining objection to the recovery of the plaintiff in this case, is, that demand* was made of only one of the three makers of the note. Upon this point we have had no little difficulty in arriving at a satisfactory conclusion. So far as *10 respects adjudged cases, we find none exactly similar. Had the three makers of the note been partners in business, then a demand upon one would have been sufficient. It would have been equivalent, so far as an indorser is concerned, to a demand upon all. An acceptance by one of two or more partners will bind his copartners. A promise or an admission by one would bind all; and, when necessary, to ^charge them as indorsers, a notice [10 to one would be equivalent to a notice to all.
But it is not pretended that the makers of this note were, in fact, copartners; they were merely joint and several promisors. In this character, it is true, as in. case of partners, the property of each, and the property of all, could be subjected, if necessary, to the payment of the debt.
If we were to hold that a demand must be made upon all the makers, in order to charge the indorser, such decision would operate to discharge many, if not all, indorsers of notes of a character similar to the one now under consideration. It will be seen that the note is not payable at any particular place; if it were, a demand at the place would be sufficient. But as it is, a personal demand was necessary, Now, suppose the makers resided in different states, or in different and distant parts of the same state, how could demand be made of all, so as to charge an indorser. It must be made on the day the note falls due, or, where days of grace are allowed, upon the last day of grace. Will it be said that demand can be made at different and distant places on the same day through the agency of letters of attorney? I believe such a practice has not been heard of, at least we have found nothing like it in the books.
But it is said that an indorser is to be considered in the light of security; that his undertaking to pay is only in the event of a failure of the makers ; and that although one of the makers may refuse, still another, if requested, might pay. There is force in this reasoning. When, however, it is considered that an indorser is immediately notified of the fact of non-payment, and that the object of this notice is, that he may procure an indemnity from those whose note he has indorsed, it is not perceived that he is in any great danger of loss, in consequence of a failure to make demand of all the makers. He can at once procure his indemnity, if it can be had, or he may himself pay off the note, and immediately proceed against the makers.
*11, 12 11] *Upon the whole, although we feel that there are apparent difficulties in the way, we see no substantial objection to considering the makers of a joint and several promissory note in. the light of partners in that particular transaction. True, they may be sued separately, or, like partners, they may be sued jointly; and as the joint and separate property of partners is liable for partnership debts, so the property of all and each of the makers of such a note may be subjected to its satisfaction. We hold, therefore, that a demand of one of the makers, in the case before us, was sufficient, and that the plaintiff is entitled to judgment.
Judgment for the plaintiff.†

 In an action by the indorsee against the maker, a promissory note can not be given in evidence under a count for money lent; but it maybe given in evidence under a count for money had and received. Rockefeller v. Robison, 17 Wend. 206.
In Pownal v. Ferrand, 6 Barn. & Cress. 439, 13 Eng. Com. Law, 230, the indorser of a bill being sued by the holder, and having paid his part of the money, was permitted to recover the same amount from the acceptor, in an action for money paid to his U3e.
In Pennsylvania, a note is admissible, under the common counts, only as between the payee and maker, or an indorsee and his immediate indorser. Kennedy v. Carpenter, 2 Whart. 344.