M. G. SINGLETON & Co., Respondents, *v.* BOONE COUNTY HOME MUTUAL INSURANCE COMPANY, Appellant.

1. *Fire insurance — Policy — Conditions — Meaning of words "partial" and "total" modified by understanding of parties.* — Attached to a fire insurance policy were the following conditions: "2. In case of total loss the company is not liable to pay more than two-thirds of the actual value of the building at the time of the loss, nor more than one-half the value of the personal property," and "3. Partial losses are paid in full, not exceeding the amount insured, provided the insured has on hand the lowest amount stated in the application." The amount of goods to be kept on hand, was stated in the application to be of the value of $3,000. The loss of the insured was $3,859, property of the value of some seventy dollars having been saved, making the total value of the stock on hand at the time of the loss, $3,929. *Held,* that the words "at the time of the loss," mentioned in the second clause, were applicable not only to the real property but the merchandise on hand at that particular time, and that within the true meaning of the two clauses taken together the loss was not partial so as to entitle the insured to recover the full amount of his insurance. The meaning of the words "partial" and "total" should be taken subject to such modification as may be necessary to an ascertainment of the actual understanding and intention of the parties.

*Appeal from Fourth District Court.*

*Prewitt,* for appellant cited Egan v. Mutual Ins. Co. of Albany, 5 Denio, 326; Post v. Hampshire Mutual, 12 Metc. 555; Ashland Mutual Ins. Co. v. Housinger & Norton, 10 Ohio St. 10; Huckins v. People's Mutual Ins. Co., 11 Foster, 238;

Allwood v. Union Mutual Ins. Co., 8 Foster, 234; Haley v. Dorchester Mutual Fire Ins. Co., 12 Gray, 545; Allwood v. The Mutual Ins. Co., 8 Foster, 240; Haskins v. People's Mutual Ins. Co., 11 Foster, 249; 8 Metc. 114; 2 Denio, 78; 2 Comst. 210; 30 N. Y. 136.

*O. Guitar*, for respondents.

I. The terms, "total loss" and "partial loss," used in the policy sued on, are to be taken and understood in their natural and ordinary sense. Said terms have no peculiar or technical meaning when applied to fire insurance. (Ellis on Fire & Life Ins. 136, note 1; Liscom v. Boston Mutual Fire Ins. Co., 9 Metc. 205; Trull v. Roxbury Mutual Fire Ins. Co., 3 Cush. 267; Underhill v. The Agawam Mut. Fire Ins. Co., 6 Cush. 440.)

II. The case of the Ashland Mutual Ins. Co. v. Housinger & Norton, 10 Ohio St. 10, fully sustains the view taken by respondents.

III. The amount insured must be paid, if it does not exceed the amount of the loss. (Underhill v. Agawam Mutual Fire Ins. Co., 6 Cush. 440.)

CURRIER, Judge, delivered the opinion of the court.

This suit was brought to recover the amount alleged to be due the plaintiffs under a policy of insurance issued to them by the defendant. Attached to the policy, and made a part of it, was the following condition, namely: (1.) "Insurance is in no case made on more than two-thirds of the value of any building, nor more than one-half the value of furniture, or one-half of the average amount of stock in trade; (2.) and, in case of total loss, the company is not liable to pay more than two-thirds of the actual value of the building at the time of its loss, nor more than one-half the value of personal property; (3.) partial losses are paid in full, not exceeding the amount insured, provided the insured has on hand the lowest amount stated in the application." The case turns on the construction to be given to the provisions of this condition.

1. The first clause enunciates a principle by which the company proposed to be governed in granting insurance, prescribing the rule that it would assume the risk of no more than two-thirds the value of buildings, and one-half the value of furniture, and one-half the average value of merchandise on hand which might be insured. Half the average of merchandise is taken; since, from the nature of the case, the amount on hand would fluctuate according to the exigencies of the business. The principle, however, is the same. The insurer and the insured were to divide the risk. This was the declared policy of the company, and both parties must be presumed to have contracted with reference to it. The succeeding clauses are designed to carry out this policy and make it effectual.

2. The second clause relates to the adjustment of losses when the loss is total. It unquestionably provides, in the case of loss of buildings, that the liability of the insurer shall be limited to two-thirds of their actual value " at the time of loss." In case of personal property, the liability is limited, with equal certainty, to one-half its value; but whether at one-half its value at the time of loss, or at some other time, is the point to be settled. It has been contended by the plaintiff's counsel that the words " at the time of loss," applicable to real property, do not apply to merchandise on hand at that particular time.

The ground taken is not tenable. The words in question are clearly applicable to " furniture," where there has been a total loss of that class of insured property. That is, no more than one-half of the actual value of the furniture on hand at the time of loss could be recovered by the insured in any case; but, as respects the adjustment of the loss, there is no distinction made between furniture and merchandise. Both are grouped together and classed as " personal property," so that what applies to one applies equally to both. It is true that the words " at the time of loss," used in connection with the term " buildings," is not repeated when personal property is spoken of, but the evident sense is the same as though they were. It is manifest from the whole cause that it was the purpose of the company to limit its liability in case of loss of personal property, whether furniture or

merchandise, to one-half the value of the property at the time of loss. This construction accords with the declared policy of the insurers, and is the easy and natural rendering of the provision; while the construction contended for by the plaintiffs is difficult and rests on a point of mere verbal criticism.

3. But the third and last clause of the provision under examination provides that partial losses shall be "paid in full, not exceeding the amount insured, provided the insured had on hand the lowest amount stated in the application."

In this case the insurance was on merchandise, and was for $3,000. No maximum, minimum, or average amount of goods to be kept on hand is stated in the application. The application is simply for so much insurance, without any specification of the value or average value of the stock to be insured. These results— that is, the minimum or average amounts—are attempted to be reached in the way of argumentation and arithmetical calculations based on the amount actually insured. Nothing is proved in that way. The average being, for instance, $3,000, the maximum might be $4,000 and the minimum $2,000; or the maximum might be $5,000 and the minimum $1,000. The higher the maximum rose the lower the minimum would fall, the average being preserved. In a word, the parties saw fit to fix neither the maximum nor minimum of goods to be kept on hand. The plaintiff's loss was $3,859, property of the value of some $70 being saved from the wreck, making the total value of the stock on hand at the time of the burning $3,929. As goods to the value of some $70 were saved, it is therefore claimed that the loss was partial, and not total, and that the insured is consequently entitled to recover the full amount insured—namely, $3,000—under that provision of the policy which stipulates that partial losses shall be paid in full, not exceeding the amount insured, provided the insured has on hand the lowest amount stated in the application. According to the literal reading of the clause in question, the claim is well founded. But the literal reading is evidently not the true one. It does not express the meaning of the parties. If it did, then the insured, under the facts stated, his loss being partial, would be entitled to recover fifty per cent. more damages than he would, had his loss been

total, and had nothing been saved from the wreck. Such a result is too unreasonable and absurd to be considered as having been contemplated or intended by the parties. A construction which leads to such consequences is to be avoided. The words "total loss" and "partial loss," as employed in this policy, are undoubtedly to be understood in their natural and usual sense— subject, nevertheless like other words, to such modification of their ordinary import as may be necessary to the ascertainment of the actual understanding and intention of the parties. In construing them, reference must be had to the subject-matter of the contract, its scope and purpose, and the context surrounding the particular words. When thus construed it is perfectly clear that the words in question could not have been understood by the parties in the sense which the plaintiffs now seek to attach to them. For it is manifest that the contract was made upon the theory of keeping the insured constantly interested in the protection and preservation of his property to the extent of one-half its value; that it was not understood or imagined that circumstances would or could arise under which the plaintiffs would be entitled to a heavier recovery in case of a partial than a total loss; and that, as respects this question, furniture and merchandise were placed in the same category and stood upon the same footing.

I have examined the case of Ashland Mutual Fire Insurance Company v. Housinger, 10 Ohio St. 10, and Underhill v. Agawam Mutual Fire Insurance Company, 6 Cush. 440. There is nothing in these cases in conflict with the views above expressed.

On the trial of this cause in the Circuit Court, the jury were instructed by the court, at the instance of the plaintiffs, upon the theory that by the terms of the policy the plaintiffs were entitled to recover the full amount insured ($3,000), although his total loss was but $3,859, and the total amount of goods on hand was only $3,929; and instructions asked by the defendant, to the effect that the plaintiffs could recover only one-half the value of the goods on hand at the time of the fire, were refused. This action of the court we consider erroneous.

The judgment is therefore reversed and the cause remanded. The other judges concur.