CAROLINE BROWN *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY.

If a policy of fire insurance provides that the insurers shall not oe liable beyond three fourths of the actual cash value of the property insured at the time of the loss, they are not bound by the valuation in the application on which the policy was issued.

CONTRACT on a policy issued by the defendants under date of October 29, 1867, insuring the plaintiff's barn against fire, in the sum of $800, "being not more than three fourths of the value of the property described in the application of the insured," and containing the following printed clause : " This company shall in no event be liable beyond the sum insured, nor beyond three fourths of the actual cash value of the property insured at the time of the loss or damage, nor beyond such sum as will enable the insured to replace or restore the property lost or damaged." The application stated the estimated value of the property as $1200.

At the trial in the superior court, before *Putnam*, J., the plaintiff proved a total loss in December 1867. The defendants, disclaiming any charge of fraud, offered evidence, against the objection of the plaintiff, tending to show that at the time of the loss the property was worth less than $1066.66 in actual cash value. The judge admitted the evidence, and ruled that the amount recoverable was three fourths of the actual cash value at the time of loss, to be determined by the jury on the evidence. The jury returned a verdict for the plaintiff for $684 ; and she alleged exceptions.

*T. M. Stetson*, for the plaintiff, cited *Borden* v. *Hingham Insurance Co.* 18 Pick. 523 ; *Fuller* v. *Boston Insurance Co.* 4 Met. 206 ; *Holmes* v. *Charlestown Insurance Co.* 10 Met. 212 ; *Phillips* v. *Merrimack Insurance Co.* 10 Cush. 350 ; *Nichols* v. *Fayette Insurance Co.* 1 Allen, 63, 69 ; *Harris* v. *Eagle Fire Co.* 5 Johns. 368 ; *Cushman* v. *Northwestern Insurance Co.* 34 Maine. 487 ; *Alsop* v. *Commercial Insurance Co.* 1 Sumner, 451, 469 , *Shawe* v. *Felton*, 2 East, 109 ; *Eastern Railroad Co.* v. *Relief Insurance Co.* 98 Mass. 420, 426 ; 2 Parsons Mar. Law, 62 ; 2 Phil. Ins. §§ 1188, 1189, 1245 : St. 1864. *c.* 196

*G. Marston & C. W. Clifford,* for the defendants.

MORTON, J. The defendant corporation insured the plaintiff upon her barn in the sum of $800. In her application the plaintiff represented the barn to be of the value of $1200, and the defendants, upon this valuation, issued this policy, being for less than three quarters of the value of the property insured. If the policy had contained no stipulation controlling the valuation thus agreed upon by the parties, it is clear that, under the decisions cited by the plaintiff, this valuation would be conclusive upon both parties, and it would not be competent for the defendants to show that, at the time of the loss, the property insured was worth less than $1200. But in this case the policy contains the stipulation that " this company shall in no event be liable beyond the sum insured, nor beyond three fourths of the actual cash value of the property insured at the time of the loss or damage, nor beyond such sum as will enable the insured to replace or restore the property lost or damaged." We think that by the natural construction of this clause, it controls the valuation in the plaintiff's application, and opens the question of the actual value of the property at the time of the loss. It is an express contract between the parties, limiting the liability of the company to three quarters of such actual value. It follows, that the ruling excepted to was correct.

*Exceptions overruled.*