EDMUND R. BLINN

*vs.*

THE DRESDEN MUTUAL FIRE INSURANCE COMPANY.

Lincoln. Opinion April 21, 1893.

*Insurance. Loss. Policy. Damages.*

A contract of insurance, like any other, is to be construed in accordance with the intention of the parties, and this is to be ascertained from an examination of the whole instrument.

The face of the policy, while insuring the property destroyed to the amount of seven hundred dollars against loss or damage by fire, expressly limited such insurance to an amount "not exceeding in any case or under any circumstances, the sum aforesaid, nor more than two-thirds of the actual destructible value of the buildings at the time the loss may happen."

The same provision was contained in one of the conditions annexed to the policy, as also in one of the by-laws of the company, both of which were referred to and became a part of the contract between the parties.

*Held;* That the plaintiff was not entitled to recover more than two-thirds of the actual value of the building destroyed, notwithstanding another condition annexed to the policy provided that "in settling a loss, the damage is to be paid in full, not exceeding (in any case or under any circumstances,) the whole amount insured, and is to be estimated according to the fair value of the property at the time of the fire."

The term "damage" as therein used may, when considered in connection with the whole contract, properly be construed as referring not to the amount of loss which the plaintiff has sustained, but rather to the recompense or compensation, to which the plaintiff is entitled from the company.

ON EXCEPTIONS.

The case is stated in the opinion.

There was a verdict for the plaintiff in the sum of $426.03. He contended that he was entitled to recover the full amount of the policy, the property having that value, viz: $800.00, and after the verdict excepted to the instructions of the court.

*George B. Sawyer*, for plaintiff.
*W. H. Fogler* and *J. F. Libby*, for defendant.

FOSTER, J.   The defendant company insured the plaintiff's house and ell against fire in the sum of seven hundred dollars. A total loss occurred, and this suit was brought, the plaintiff claiming to be entitled to the full amount named.   The court instructed the jury that the plaintiff could recover, if at all, only two-thirds of the fair value of the house and ell above the cellar, not exceeding the amount insured, with interest.   To this instruction the plaintiff excepted.

The only question presented is, whether by the terms of the policy, the plaintiff is entitled to recover only two-thirds the value of the property destroyed.

The by-laws of the company and conditions annexed to the policy are referred to therein and become a part of the contract. A contract of insurance, like any other, is to be construed in accordance with the intention of the parties, and this is to be ascertained from an examination of the whole instrument.

By article eight of the by-laws it is provided that "in no case shall the insurance exceed two-thirds the real value of the prop-

erty insured." The same provision is found in the second condition annexed to the policy, and is in these words: "and no property insured for more than two-thirds of its value." Upon the face of the policy itself the company, while insuring the property destroyed to the amount of seven hundred dollars against loss or damage by fire, expressly limits such insurance to an amount "not exceeding in any case or under any circumstances, the sum aforesaid, nor more than two-thirds of the actual destructible value of the buildings at the time the loss may happen." There is also a further provision that the loss or damage is "to be estimated according to the fair valuation of the property at the time of the fire."

Notwithstanding these express stipulations contained in the body of the policy, the by-laws, and the condition before referred to, the plaintiff contends that he is entitled to recover the full amount insured, and bases his claim principally upon the language of the ninth condition annexed to the policy which provides that — "in settling a loss, the damage is to be paid in full, not exceeding (in any case or under any circumstances) the whole amount insured, and is to be estimated according to the fair value of the property at the time of the fire."

While at first glance it might appear with some degree of plausibility that this language would entitle the plaintiff to the full amount of his claim, yet upon an examination of the contract as a whole, and giving a fair and reasonable construction to the whole instrument, and to each clause such a construction as will give effect to every other part of the instrument if possible, we are not inclined to believe that the language of this last condition is in conflict with the other portions of the policy to which we have referred. The body of the policy expressly states that the company shall not be liable for more than two-thirds of the actual destructible value of the buildings at the time the loss may happen. The condition and by-law already mentioned declare that no property shall be insured for more than two-thirds of its value. This language is so plain that but one interpretation can be given to it, — that in no event is the company liable for more than two-thirds the fair cash value of

the property at the time of loss.   It is therefore not a "valued policy."   Wood, Fire Ins. § 42.

True, the language of the condition relied upon by the plaintiff is that in "settling a loss, the damage is to be paid in full." But the word "damage" as there used, considering the intention of the parties as disclosed from an examination of the whole instrument, may properly be construed as referring not to the amount of loss which the plaintiff has sustained, but rather, in its legal acceptation, to the recompense or compensation to which the plaintiff is entitled from the company,— not the amount of loss but the amount recoverable by reason of the loss. The damage "is to be estimated according to the fair value at the time of the fire," the obvious meaning of which is, that the fair cash value of the property is to be ascertained, and the damage — the amount for which the company is liable — is to be estimated therefrom.   Nor can this exceed two-thirds the value of the property at the time the loss occurs, and in no event "exceeding the whole amount insured," however great may have been the value of the property destroyed, or the actual loss to the party insured.

Such a construction harmonizes all the different parts of the contract, effectuates the intentions of the parties, and is supported by reason as well as authority.

"The design is to prevent frauds and negligence, by making it an object with the owner to guard his property from exposure to fire and to preserve it from destruction when the calamity comes, and by this increased security to induce honest persons, who are men of property to become members of such companies, and who will be able and willing to contribute in event of loss." *Holmes* v. *Charlestown Mut. F. Ins. Co.* 10 Met. 211.

In *Ashland Mut. F. Ins. Co.* v. *Housinger*, 10 Ohio St. 10, the insurers were to pay "all loss or damage," not exceeding the sum insured, the loss or damage to be estimated according to the true and actual value of the property at the time of loss, and to be paid at the rate of two-thirds of its actual cash value.   The court held that the two clauses construed together meant that the insurers should pay two-thirds of the actual value of the

property at the time of the fire, not however exceeding the sum insured.

So where a policy insuring the plaintiff's barn against fire contained the following clause: "This company shall in no event be liable beyond the sum insured, nor beyond three-fourths of the actual cash value of the property insured at the time of the loss or damage." The court held that the amount recoverable was three-fourths of the actual cash value at the time of the fire, to be determined by the jury on the evidence. "It is an express contract," say the court, "between the parties limiting the liability of the company to three-quarters of such actual value." *Brown* v. *Quincy Mut. F. Ins. Co.* 105 Mass. 396. To the same effect may be cited, *Huckins* v. *People's Mut. F. Ins. Co.* 31 N. H. 238; *Post* v. *Hampshire Mut. F. Ins. Co.* 12 Met. 555.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and HASKELL, JJ., concurred.