Wolf v. Ins. Co.

FRANK WOLF et al., Appellant, v. DWELLING HOUSE INSURANCE COMPANY, Respondent.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Insurance:** LIMITATION OF AGENT'S AUTHORITY: WAIVER BY SOLICITING AGENT. A soliciting agent of an insurance company, with limitations imposed upon him, in the face of the policy preventing his waiving the stipulations therein contained, may nevertheless at the time of taking the risk waive such conditions of the policy; following, Laundry Co. v. Insurance Co., 151 Mo. 90.

2. **Appellate Practice:** SECOND APPEAL: CONSTITUTION: COURTS OF APPEALS. On the second appeal of a case, the rulings on the former appeal dominate the case and are as to that case *stare decisis*, however erroneous such rulings may be; but this ruling has no application in the court of appeals where, in the interval between the first and second appeal, the supreme court has ruled adversely to the doctrine held on the first appeal, since the Constitution requires the courts of appeals to follow the last previous ruling of the supreme court.

Appeal from the Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

REVERSED AND REMANDED.

*I. J. Ringolsky* and *J. A. Harzfeld* for appellants.

(1) Even if this case were the same as the former, the former case could not be pleaded as *res adjudicata* or as an estoppel to this case, the present having been brought and served within one year from the reversal of judgment in the former case. Lumber Co. v. Lumber Co., 72 Mo. App. 248;

R. S. 1899, sec. 4285.   (2) And even if this case is the same
as the former one, the Court of Appeals must look into the
errors complained of, notwithstanding the same points are
presented that were presented and urged in the Court of Ap-
peals before, if in the meantime the Supreme Court has ruled
differently from the Court of Appeals on those same points.
Thompson v. Irvin, 76 Mo. App. 418; Hamilton v. Ins. Co.,
35 Mo. App. 263; Buchanan v. Cole, 65 Mo. App. 495; Wil-
son v. Beckwith, 140 Mo. 359, 369, 370.   (3) Johnson &
Reavis were the general agents of the defendant at Kansas
City, to make contracts of insurance on behalf of the defend-
ant on such property and in such sums as they saw fit, and to
countersign and issue policies.   They had power to collect
premiums and give receipts therefor in the name of the com-
pany.   Under such circumstances the knowledge of the agent
was the knowledge of the company; in fact, the agent was the
*alter ego* of the company, and any clause in its policy restrict-
ing the agent's power and authority to waive forfeitures or
conditions in the policy is void.   Laundry Co. v. Ins. Co., 151
Mo. 90; James v. Ins. Co., 148 Mo. 1; Bush v. Ins. Co., 3 Mo.
App. Rep. 570.

*Fyke, Yates, Fyke & Snider* for respondent.

(1) Where a decision is given by a court of ultimate
appeal in any case, that decision must be regarded as conclusive
in that particular case.   In the same case any ruling is final.
23 Am. and Eng. Ency. of Law (1 Ed.), 33, and cases cited.
(2) This rule has no where been stated with greater force or
clearness than by our own Supreme Court.   Chouteau v. Gib-
son, 76 Mo. 38, 45, 46, 47; May v. Crawford, 150 Mo. 504,
524 *et seq.*   (3) The lower court decided the case upon this
theory and held that the decision in Wolf v. Dwelling House,
75 Mo. App. 337, was still the controlling law of the case,

notwithstanding the vagaries of the Supreme Court on the limited agency question.

SMITH, P. J.—This is an action on a fire insurance policy which contained the following provisions, to-wit: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if there is or shall be any other prior or concurrent or subsequent contract of insurance, whether valid or void, on property covered in whole or in part by this policy. The company shall not be bound by any act or statement made to or by any agent unless inserted in this contract."

It is conceded that there was other and prior insurance, and that the defendant's local agent knew of such insurance at the time of the issue of said policy. The limitation on the authority of the defendant's agent was brought home to the insured by being found in the policy. Wolf v. Ins. Co., 75 Mo. App. 336, was a suit that was brought by one of the present plaintiffs—Frank Wolf—in his capacity as administrator against the defendant herein on the policy now in suit. The facts of the two cases are in the main identical. In that case the plaintiff had judgment in the circuit court and on appeal by defendant we held that the prior insurance had the effect to render the policy void, and the judgment was reversed without remanding the cause. Within one year after the reversal of the judgment by us in that case the plaintiffs herein, one of whom is the owner of the property covered by the policy and the other a mortgagee to whom the loss was payable, brought this action in which it is conceded they have the same rights and occupy the same attitude as plaintiff Frank Wolf as administrator would have had and occupied had he had a right of action on the policy in his representative capacity and had timely brought his second action thereon. The two cases, accordingly, may be regarded as if the plaintiffs were the same

in each. There was a trial in the circuit court and at the conclusion of the evidence a peremptory instruction was given for defendant declaring the plaintiffs were not entitled to recover. Judgment was rendered accordingly and plaintiffs appealed.

It is granted by plaintiffs that the circuit court, in giving the peremptory instruction, was governed by the principles of law which the opinion shows were applied by us in deciding the case on the other appeal, but it is contended by them that that opinion is contrary to that of the Supreme Court rendered in the more recent case of the Laundry Co. v. Ins. Co., 151 Mo. 90, and that the circuit court should have been governed by the latter instead of the former. An examination of the latter case shows that the cases of Shoup v. Ins. Co., 51 Mo. App. 286 and Jenkins v. Ins. Co., 58 Mo. App. 210, are expressly overruled. The ruling made by us in 75 Mo. App. supra, was exactly in line with these and other cases that might be cited from our reports. · In the Jenkins and Shoup cases it was held that a mere soliciting agent could not waive the conditions of the policy, but in Laundry Co. v. Ins. Co., that. holding was declared to have been wrong, and for that reason the cases were overthrown. The rule, therefore, as declared by the highest judicial tribunal in this state may be stated to be that the soliciting agent of an insurance company with limitations imposed upon his authority by his company similar to those quoted herein by us at the outset, known to the insured, may waive the conditions of the policy. The plaintiffs' contention that the ruling made by us in the case on the other appeal is contrary to that made in Laundry Co. v. Ins. Co., must be upheld.

It is contended by the defendant that since the case on the other appeal and this as to the merits are to be regarded as one and the same case, that the principles of law upon which the contract of insurance was held invalid in the former must dominate the latter; or, in other words, that the principles of

law which were applied to the facts of that case in deciding it are in this particular case *stare decisis*. If the present case is the same as that reported in 75 Mo. App. ante, as is virtually conceded all around, can we, in deciding it, depart from the rulings made in the latter, even though by the decision in such latter the plainest principles of the law were disregarded? This query is answered in the negative by the Supreme Court in May v. Crawford, 150 Mo. 524. In that case it was said:

"A previous ruling by the appellate court upon a point distinctly made may be only authority in other cases, to be followed, or affirmed, or to be modified or overruled, according to its intrinsic merits, but in the case in which it is made, it is more than authority; it is a final adjudication, from the consequences of which the court can not depart, nor the parties relieve themselves, and that, too, notwithstanding the former decision may be in abrogation of one of the plainest principles of law." And that "this rule is necessary to the orderly and decent administration of the law, for it would destroy all respect for the law and make judgment of courts of final resort mere mockeries and travesties if the trial court could be permitted to set aside, disregard or disobey them."

In view of the provision of the State Constitution declaring that "the last previous rulings of the Supreme Court on any question of law or equity shall in all cases be controlling authority in the courts of appeal," does the rule of practice just referred to obtain in this court? To the said constitutional provision there is neither exception nor proviso excusing us in a case like this, nor, indeed, in any case, from complying with its inexorable requirement. Thompson v. Irwin, 76 Mo. App. 418. In consequence of this constitutional provision the courts of appeal are without the protection of the salutary rule declared in May v. Crawford, supra. While this condition, resulting as it does from a defect inherent in our judicial system, is a reproach to the state, it must continue to exist until remedied by a constitutional amendment.

It follows from these considerations that since the rulings made by us when this case was here on the other appeal are at variance with those of the Supreme Court in the more recent case of Laundry Co. v. Ins. Co., we must, in the decision of this case, disregard the rulings made by us in the former and be controlled by those made in the latter. It further follows that we are obliged to reverse the judgment and remand the cause, which is ordered accordingly. All concur.