W. B. MILLIS et al., Respondents, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 2, 1902.

1. **Insurance: CHANGE OF TITLE: WAIVER.** An insurance policy stipulated that a change in the title should render the entire policy void. Defendant's agent issued the policy with knowledge that the interest of one of the owners was about to be sold to another, and after the sale was informed of the change of interest and made no objections. *Held*, the condition was waived.

2. ———: **THREE-FOURTHS RULE: OTHER INSURANCE: EXCESSIVE FINDING.** A policy of insurance on certain mining building and machinery on leased land made the insurer liable for only three-fourths of the value of the property insured, and in event of additional insurance it was only liable for its proportion of such three-fourths value. The insurer took $1,000, and four others took a like amount. The property was valued at $6,000. *Held*, the insured was only liable for one-fifth of three-fourths of the $6,000, and consequently the finding of $1,000 with interest was excessive and a remittitur was ordered.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED *(conditionally)*.

. *Fyke, Yates & Fyke* for appellant.

(1) It was admitted that after the policy was issued, one of the co-partners insured sold his interest to an outside party. That wrought, of course, a change in the co-partnership and a change in the interest and title to the property insured, which avoided the policy, unless the same was waived. Finley v. Ins. Co., 30 Pa. 311; Dix v. Ins. Co., 22 Ill. 272; Hartford Ins. Co., v. Ross, 23 Ind. 179; Card v. Ins. Co., 4 Mo. App. 424; Malley v. Ins. Co., 13 Ins. L., p. 38; Hathaway v. Ins. Co., 13 Ill. 774. (2) The evidence wholly fails to show any waiver of this condition. The conversation admitted in evidence, over defendant's objection, between Millis and Cook at the time the policy was issued, that a trade was on between Smith and Estill, was inadmissible; even granting that · the evidence tended to show Cook was notified that some time in the future Estill might acquire the interest of Smith, it can not affect the defendant. Commercial U. Assn. Co. v. Norwood, 57 Kan. 610; Eagle Ins. Co. v. Wood, 50 Nebr. 381; Gray v. Ins. Co., 155 N. Y. 180; Union Ins. Co. v. Mowry, 96 U. S. 674. (3) To entitle plaintiffs to recover substantial damages, it devolves upon them to prove the value of the property. None of the insured property was real estate; it was all personal property. The statute does not fix the value of it, especially where the property is covered by five different policies, as in this case. The court's instructions, therefore, are all erroneous: first, because there is no evidence upon which to base the value of the property, and, second, because the liability of defendant should have been limited to its pro rata share of not exceeding three-fourths of the value of the property destroyed.

Millis v. Scottish Union Ins. Co.

*Howard Gray* and *Stonewall Pritchett* for respondents.

(1)   The abstract of the record in this case simply contains the statement that the bill of exceptions was filed.   This has been held several times by this court to be insufficient.   (2)   After the policy had been issued and the actual transfer made, the agent of defendant was again notified and made no objection thereto.   He did not cancel the policy, but accepted premiums from the parties with full knowledge of the transfer.   This certainly was a waiver.   Trust Company v. Ins. Co., 79 Mo. App. 362; Wolf v. Ins. Co., 86 Mo. App. 580; Springfield Steam Laundry Company v. Ins. Co., 62 Mo. App. 90; Chamberlain v. Assurance Co., 80 Mo. App. 589; Burdick v. Security Life Association, 77 Mo. App. 629.   (3)   The same agent issued all the policies, and the law of the State then in force declared that no insurance company should accept a risk for more than three-fourths of the value of the property.   It will not be presumed that he violated the law and that the property was not worth twenty-five per cent more than the total insurance thereon.   In addition to the above, the testimony of the plaintiff Millis and the witnesses Cass and Strickland all prove that the property was worth more than the total insurance thereon.   As the same agent issued all policies, each company was charged with notice.   Turner v. Ins. Co., 86 Mo. App. 387.   The contention of appellant as to the three-fourth's liability is answered in the case of Bush v. Ins. Co., 85 Mo. App. 155, and Gibson v. Ins. Co., 82 Mo. App. 515.

SMITH, P. J.—The facts which gave rise to the present controversy, briefly told, are these, namely: that the Evansville Mining Company, a partnership composed of W. B. Millis, Joseph Gibson, Jacob Elsea, F. M. Cummings and Sherman Smith, was the owner

of a lease on certain real property on which was erected a frame building and additions used principally for engine, crusher, jig-room and mining plant, and also certain engines, boilers with connections and other movable machinery therein; that on the eighteenth day of August, 1900, one of said partners (W. B. Millis) for and in behalf of said partnership, made an application to W. F. Cook, a policy-writing agent of defendant, for a policy of insurance on the property aforesaid for one thousand dollars, at the same time and in the same connection telling said agent that one of the members of said partnership (Sherman Smith) was negotiating a sale and transfer of his interest in said partnership property to the plaintiff Estill, and inquiring of him whether or not, if such a sale and transfer took place, it would in any way affect the policy, and to which said agent answered that it would not, and thereupon the policy was accordingly issued to and accepted by said partnership; that some ten days later on, the said Millis informed the said agent that Smith had effected the sale and transfer of his interest in the partnership property to the plaintiff Estill, and the latter made no objection or suggestion in relation thereto; and that thereupon the former paid the latter the premium on said policy, which until then had not been paid. The policy contained, amongst others, the following clause, to-wit: "This entire policy shall be void . . . if any change . . . take place in the interest, title or possession of the subject of insurance . . . whether by legal process or judgment, or by voluntary act of the insured, or otherwise." Some time after the said sale and transfer took place, and before the expiration of the policy, the said property was wholly destroyed by fire, and this suit was brought on said policy to recover for the loss.

The defendant contends that the sale and transfer by Smith, of his interest in the partnership to the

plaintiff Estill, accomplished such a change in the interest, title and possession of the subject of the insurance as invalidated the policy. Manifestly this contention must be upheld, unless the evidence discloses facts constituting a waiver of the said non-alienation condition of the policy by the defendant. It is competent for the insurer to waive performance of a formal condition introduced into a policy solely for his benefit. And such waiver may be inferred from the acts of the insurer, or, which is the same thing, established by acts *in pais*. As was said by the Supreme Court of the United States in Ins. Co. v. Wolf, 95 U. S. 326, "the doctrine of waiver to avoid the enforcement of a condition of a policy is only another name for the doctrine of estoppel." It was held in Ins. Co. v. McCrea, 8 La. 513, that to constitute a waiver of a forfeiture of a policy, there must be either a contract supported by a consideration or the necessary elements of an estoppel.

The facts relating to the issue of the policy, as has been already stated, were in effect the same as if Millis, in speaking for the partnership, had said to Cook, the agent of the defendant, "I want a policy in your company on our property, but as there is about to be a change in the interest of one of the partners, I would like to know before I take the policy what effect, if any, such change, if it takes place, will have on such policy," that is to say, "will that avoid it?" and as if the defendant's agent had replied, "The change, if it takes place, will have no effect on the policy." After the issue of the policy, the said Millis, in further acting for the partnership, informed the defendant's agent that the change had taken place in the ownership of an interest in the partnership, and the latter made no objection or suggestion in relation thereto, but instead thereof received the premium on the policy.

When defendant was apprised of the fact that a change had taken place in an interest in the partner-

ship, if it intended to claim an avoidance of the policy on that ground, why did it not then so advise Millis, who was acting for the partnership, and who was its agent in the transaction, instead of receiving the premium, not previously paid, without objection or remark of any kind? When plaintiff inquired of defendant's agent whether or not a change of an interest of one of the partners in the partnership would have any effect on the policy, if the defendant intended to insist upon the non-alienable condition of the policy in the event such change should take place, why did it say that it would not, and thus mislead the plaintiffs into receiving the policy and paying the premium —acts which it is to be fairly inferred they would not have done but for such conduct and assurance of the defendant? When the agent of the defendant was notified of the change that was about to take place in the partnership, why did it issue the policy, if it was the intention to insist on the non-alienation condition thereof?

And after defendant's agent issued the policy and was notified of the change in the partnership, it was his duty to cancel such policy instead of receiving the premium thereon and leaving the plaintiffs to believe that it was a valid and continuing contract of insurance on their property. Such conduct on the part of the defendant's agent was inconsistent with fair and honest dealing. The plaintiffs were thereby misled to their injury. The defendant ought not, in the face of these facts, now be heard to insist on a forfeiture. It seems to us that no clearer case of waiver could be established than that by the facts of this case. Burdick v. Association, 77 Mo. App. 629; Trust Co. v. Ins. Co., 79 Mo. App. 362; Wolf v. Ins. Co., 86 Mo. App. 580; Laundry Co. v. Ins. Co., 151 Mo. 90.

II. The policy contained a further clause to the effect that, "It is understood and agreed to be a condition of this insurance that in the event of loss or

damage by fire, to the property insured under this policy, this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy (not exceeding the amount insured on such item) at the time immediately preceding such loss or damage, and in the event of additional insurance, if any is permitted hereon, then this company shall be liable for its proportion only of three-fourths of such cash value of each item insured at the time of the fire, not exceeding the amount insured on each of them.'' In the insuring clause of the policy it is provided that the defendant, for a certain consideration therein named, insured the plaintiffs for one year against all direct loss or damage by fire to an amount not to exceed one thousand dollars to the following described property, etc.

The question now is, whether the first of the above clauses controls the valuation in the last, and opens the question of the actual value of the property at the time of the loss. It seems clear to us that upon the face of the policy itself the defendant, while insuring the property of plaintiffs to the amount of one thousand dollars against loss by fire, expressly limited such insurance to an amount not greater than three-fourths of the actual value, not exceeding the amount insured on each item, at the time immediately preceding the loss. The language of the limiting clause is so plain that no interpretation can be given it. If the policy had contained no clause limiting the valuation specified in the insuring clause, the latter would have been conclusive in the absence of fraud. The policy is not a ''valued policy.'' Wood on Fire Ins., sec. 42; Brown v. Ins. Co., 105 Mass. 396.

The contract is plainly one limiting the liability of the defendant to three-quarters of the actual value of the property covered by the policy. Similar policies have been so construed. Blinn v. Ins. Co., 85 Maine 389; Brown v. Ins. Co., ante; Huckins v. Ins. Co., 31

N. H. 238; Holmes v. Ins. Co., 10 Met. 211; Ashland v. Ins. Co., 10 Ohio St. 10; Copeland v. Reservoir Co., 105 Mass. 396. The building and machinery covered by the policy were on a mining lease and had been erected and placed there to be used in the prosecution of mining operations, and did not become a part of the land, and are, therefore, not to be regarded as real property. Foundry & Machine Co. v. Cole, 130 Mo. 1; Graves v. Pierce, 53 Mo. 423; Richardson v. Koch, 81 Mo. 264; Brown v. Baldwin, 121 Mo. 126.

.It follows from this that sections 7969 and 7970, Revised Statutes 1899, have no application to a policy like the present, insuring against damage to personal property only.

It is conceded that the property insured was covered by four other policies for the same amount as that here. The total insurance was therefore five thousand dollars—four thousand additional. The evidence tends to prove that the property at the time of the loss was of the value of six thousand dollars. The defendant, under the said limiting-liability clause, providing in the event of concurrent insurance, as is the case, it should be liable for its proportion only of the three-fourths of such value of each item insured at the time of the loss, is only liable for one-fifth of three-fourths of $6,000, which is $900. The plaintiffs have recovered judgment for $1,000, and interest. This is in excess of the amount to which they were entitled to recover.

We shall, therefore, reverse the judgment and remand the case, unless the plaintiffs within ten days hence enter a remittitur for one hundred and one dollars and sixty cents, in which case the judgment will stand affirmed, with cost of appeal to be paid by plaintiffs. All concur.