The Attorney General has received your request for an opinion wherein you ask, in substance, the following question: "May a parent withhold consent to the prescribing of birth control measures for a minor child who has been married and subsequently divorced?" Under the provisions of 63 O.S. 2602 [63-2602] (1976), the statutes provide that a "minor" may lawfully consent to "emergency services" for conditions which would endanger life and health if delay would result in obtaining parental consent. " * * * provided, however, that the prescribing of any medicine or device for the prevention of pregnancy shall not be considered such an emergency service." Under the provisions of 10 O.S. 10 [10-10] (1971), however, "the authority of a parent ceases . . . upon the marriage of the child . . ." See also 30 O.S. 19 [30-19] and 30 O.S. 20 [30-20] (1971) with respect to termination of parental and court appointed guardians over the person, if not the estate, of a ward upon marriage. It is not necessary to this opinion to discuss to what extent a minor achieves legal and personal emancipation upon marriage and subsequent, divorce while still under the age of majority; suffice it to say that loss of parental authority occurs upon the marriage notwithstanding that the child might later divorce, reside with the parent or be dependent upon the parent for support. Further, there is no statutory provision for reinstatement of such authority. Indeed, other jurisdictions have held that the emancipation which occurs upon marriage cannot be later divested by divorce. Ex Parte Williams, (Tx., 1967) 420 S.W.2d 135; Franco v. Davis, (N.J., 1968) 239 A.2d 1. It is, therefore, the opinion of the Attorney General that parental consent is not required prior to the prescribing of birth control measures for a minor child who has once been married under the provisions of 63 O.S. 2602 [63-2602] A. 7 (1976). (CAROL ELAINE ALEXANDER) (ksg)